Edward **SALAZAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61169.

Court of Criminal Appeals of Texas, Panel No. 2.

June 20, 1979.

Russell C. Busby, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John Byron Reese and Steve Schiwetz, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

Edward Salazar appeals from his conviction for aggravated sexual abuse based upon his plea of guilty. Punishment was assessed by the court at seven years. Salazar's sole contention on this appeal is that the court erred in denying his motion to suppress certain physical evidence.

On March 7, 1977, Salazar forced a young man into his car. Salazar drove him to his house and, after threatening him with a gun, forced him to commit homosexual acts.

Later that day, officers entered Salazar's house, arrested him and seized a shotgun and bed sheets.

Salazar filed a motion to suppress this physical evidence. The motion was denied. He entered a plea of guilty on November 20, 1978. At that time, the only evidence offered to prove the indictment was Salazar's judicial confession.

Article 44.02, V.A.C.C.P., was amended effective August 29, 1977, to limit the right to appeal from a guilty plea. Article 44.02 now provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assessed punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . ."

Thus, under Article 44.02, Salazar is entitled to appeal the denial of his motion to suppress. However, none of the evidence which he sought to suppress was used to support the conviction. In *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978), we dealt with the same situation and held, "If the guilty plea is supported by evidence . . . independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction."

The holding of *Ferguson* controls the instant case. After Salazar's motion to suppress was denied, he pled guilty. Salazar then made a judicial confession in order to support his guilty plea as is required by Article 1.15, V.A.C.C.P. None of the evidence challenged by the motion to suppress was used to support the conviction. Under these circumstances, Salazar's contention is overruled.

The judgment is affirmed.