Dean MOONEY and Rosemary Mooney aka Rosemary Shelton, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 67531, 67532.

Court of Criminal Appeals of Texas, Panel No. 3.

May 20, 1981.

Charles O. Melder, Houston, Wayne Ingram, C. Samuel Rael, Atlanta, for appellants.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and Charlie Davidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

These are appeals from convictions for aggravated promotion of prostitution. V.T.C.A., Penal Code Sec. 43.04. Punishment for appellant Dean Mooney was assessed

under V.T.C.A., Penal Code Sec. 12.44(b), at confinement in the county jail for three days plus a fine of one thousand dollars. Punishment for appellant Rosemary Mooney was assessed under V.T.C.A., Penal Code Sec. 43.04(b) at confinement for three years, probated.

Both appellants assert six grounds of error in which they attack the legality of the searches of their residence and office. These grounds essentially contend that it was error to overrule their motions to suppress the evidence seized as a result of those searches.

The records reflect that the instant causes were tried separately. Dean Mooney pled nolo contendere to the instant offense pursuant to a plea bargain agreement. There was no such agreement in the case of Rosemary Mooney. Both appellants urged the trial court to suppress certain evidence recovered in the searches in question; however, after these motions were overruled, both appellants pled nolo contendere to the instant offense. Further, *both* appellants stipulated to the commission of the instant offense and such stipulations were admitted into evidence at the hearings in the trial court.

We first consider the appeal of Dean Mooney. In *Isam v. State*, 582 S.W.2d 441, 444, (Tex.Cr.App.) we held that a defendant may challenge an adverse ruling on his motion to suppress even though he subsequently entered a guilty plea to *misdemeanor* charges. *Isam*, however, involved a case wherein no evidence other than the defendant's guilty plea supported the conviction. In such a situation we reasoned that the purpose of Art. 44.02, V.A.C.C.P.[1], would be

frustrated if the rule were otherwise. This we found true since by virtue of Art. 27.14, V.A.C.C.P.[2], issues raised by the motions to suppress in such cases would be automatically forfeited. See *Isam v. State*, supra at 443.

■ The case of appellant Dean Mooney presents a different situation, however. It appears from the record that the appellant *judicially stipulated* to the commission of the offense; that is, evidence other than his plea of nolo contendere supported his conviction. Hence we are not presented with an *automatic forfeiture* of the right to assert error in this Court. Therefore, due to appellant's stipulation to the commission of the offense, the errors presented in his motion to suppress are not appealable under Art. 44.,02, supra. See *Ferguson v. State*, 571 S.W.2d 908, 909–10 (Tex.Cr.App.); cf. *Isam v. State*, supra at 444 (guilty plea alone, entered pursuant to a plea bargain, does not waive errors asserted in pre-trial motion to suppress).

■ The record further reveals, however, that the trial court erroneously apprised the appellant of the effect of his plea. After the trial court inquired into the appellant's plea bargain agreement with the State, the following transpired:

"THE COURT: Now, the Court must inform you, sir, that the Court will honor this agreement and by so doing you will not—the Court in its discretion will not allow you to appeal your plea. I must explain it very carefully to you. You can appeal any pretrial matters that have occurred up to today, up to this time of the

1. This statute provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by

written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

2. This statute provides, in pertinent part:

"(a) A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court."

plea. I understand you are going to plead nolo contendere. Do you fully understand this?

"THE DEFENDANT: As I understand what you are saying, if I plead nolo contendere, I cannot appeal that situation?

"THE COURT: That plea, correct.

"THE DEFENDANT: But any other area of this case can be appealed?

"THE COURT: Yes. What we call any pretrial motions that the Court has heard, pretrial matters.

"THE DEFENDANT: Okay. I understand.

"THE COURT: You have that right. You fully understand that?

"THE DEFENDANT: Yes. I reserve that right, right?

"THE COURT: Yes."

The court, however, never advised the appellant that the effect of his stipulations to the commission of the offense would be to foreclose his right to appeal the pre-trial matters raised in his motion to suppress. In fact the discussion between appellant and the court which we have set out above indicates that appellant's plea was induced by the understanding that the matters raised by his motion to suppress would be appealable. The record also indicates that the stipulation was before the court at the time he stated that the pre-trial matters could be appealed.

In *Wooten v. State*, 612 S.W.2d 561, 563 (Tex.Cr.App.) we held:

"If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, *then the trial court was not authorized by State law to accept such a plea.... As a matter of constitutional law* a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled." (Emphasis added.)

Because the trial court lacked authority to accept Dean Mooney's conditional plea, the conviction must be set aside even though the issue was not raised in appellant's brief.

*Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr. App.). Furthermore, since the plea was involuntary as a matter of constitutional law, *Wooten*, supra, the conviction violates due process and would be subject to collateral attack. See *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

The judgment in the case of Dean Mooney, No. 67,531, must be reversed and the cause remanded.

As for appellant Rosemary Mooney, we find her case squarely controlled by *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr. App.). Subsequent to the overruling of her motion to suppress, this appellant pled nolo contendere and judicially stipulated to the commission of the elements of the instant offense. There was no plea bargain in her case. During the hearing on the plea, *none* of the evidence seized was admitted into evidence to support the conviction. Under these circumstances any erroneous ruling on the motion to suppress does not vitiate the conviction. *Prochaska v. State*, supra.

The judgment in No. 67,531 against Dean Mooney is reversed and remanded. The judgment in No. 67,532 against Rosemary Mooney is affirmed.