**Charles Dixon STROTHER,
Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67805.**

Court of Criminal Appeals of Texas,
Panel No. 1.

July 22, 1981.

Jay W. Burnett, Robert A. Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and Charles Hinton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ., and KEITH, C.

OPINION

KEITH, Commissioner.

Appellant was indicted for possession of a controlled substance, methamphetamine, with intent to deliver such substance.

Represented by retained counsel, he filed many pre-trial motions and participated in a hearing on a motion to suppress the fruits of an alleged wrongful search and seizure of articles found in a motel room. Immediately after the announcement that the motion would be overruled, appellant executed an instrument waiving his right of trial by jury, entered into a stipulation of evidence wherein he judicially confessed to the offense charged, and entered a plea of guilty to the reduced charge of possession of a controlled substance.

The stipulation contained a confession that "I did then and there unlawfully, intentionally, and knowingly possess a controlled substance, namely, methamphetamine." The careful trial judge went into minute detail to ascertain that the plea was entered voluntarily, and specifically asked about the quoted stipulation: "Is that stipulation true and correct?" To which appellant responded, "Yes, sir."

Further, during the admonition of the appellant, this colloquy between the Court and appellant ensued:

"THE COURT: Do you further understand this stipulation is a judicial admission or confession on your part that you are guilty of this lesser included offense of possession of methamphetamine, a controlled substance?

"MR. STROTHER: Yes, sir.

"THE COURT: And it is sufficient for me to find you guilty of possession of methamphetamine, a Second Degree felony?

"MR. STROTHER: Yes, Sir.

"THE COURT: All right, the Stipulation is approved and made a part of this record and ordered filed. Anything else?

"MR. HINTON [for the State]: Nothing. The State Rests.

"MR. MORIARTY [for the accused]: The Defense rests."

Appellant now contends, by this first ground of error, that notwithstanding his plea of guilty and his judicial confession, that he has standing to appeal and attack the order refusing to suppress the fruits of the alleged search and seizure. Unquestionably, the matter now complained of—the motion to suppress the fruits of the search—had been raised by written motion filed prior to trial as required by the 1977 amendment to Art. 44.02, Vernon's Ann.C. C.P.

■ Had appellant protected his record, he would be in position at this time to argue that his rights were violated when the motion to suppress was overruled. See and compare *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981), discussing the so-called "conditional" plea and a waiver of constitutional rights. But, appellant did not assert his right to appeal at the time the trial court accepted his guilty plea. During the hearing on his plea, the following transpired:

"THE COURT: The Court must tell you whether or not I will approve the plea bargain under our Code, and if I do and do not assess your punishment at more than the plea bargain your right to appeal would be limited in that you would have to get my consent to appeal the case. Do you fully understand that?

"MR. STROTHER: Yes, Sir.

"THE COURT: Except for any question of law raised by written motion of pleadings on file?

"MR. STROTHER: Yes, sir.

"THE COURT: At this stage there are no such motions, is that right?

"MR. MORIARTY [Defense Counsel]: There are Motions, Your Honor, and there have previously been hearings on the Motion to Suppress Evidence, and I think a Motion to Quash was filed *I do not anticipate at this point in time we will be appealing, irrespective.* " (emphasis supplied)

We agree with State's counsel: Appellant preserved the right to appeal the ruling on his pre-trial motion to suppress because of a plea bargain which was not exceeded by the trial court. But, we do not review a "conditional" plea as in *Wooten v. State*, supra; rather, our record shows conclusively that at the time appellant entered his plea, he had no intention of appealing the conviction.

We find no evidence in our record that the trial court in any manner misled appellant at the time of the acceptance of the plea of guilty. Ground one is overruled.

■ In his second ground of error, appellant attacks the trial court's ruling on the pre-trial motion to suppress the evidence. Although he may have had a right to such an appeal, his judicial confession was sufficient, in and of itself, to support the finding of guilt; consequently, no reversible error is presented.

Moreover, no evidence obtained as a result of the search was introduced upon the trial. See *Ferguson v. State*, 571 S.W.2d 908, 909 (Tex.Cr.App.1978); *Brewster v. State*, 606 S.W.2d 325, 327–328 (Tex.Cr.App. 1980); *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979); *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Cr.App.1974).

In *Brewster v. State*, supra, Judge Clinton, speaking of the holdings in *Ferguson* and *Stiggers*, supra, wrote:

"These cases teach that an erroneous ruling on a motion to suppress will not vitiate a conviction where the evidence sought to be suppressed is not introduced and the guilty plea is supported by other evidence independently of that contested by the motion."

See also *Mooney v. State*, 615 S.W.2d 776, 778 (Tex.Cr.App.1981); *Salazar v. State*, 582 S.W.2d 469, 470 (Tex.Cr.App.1979).

Ground two is overruled and the judgment of the trial court is in all things affirmed.

Opinion approved by the panel.