**Gregory Ronald YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68706.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 21, 1981.

Steve Hebert, Baytown, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Randy McDonald, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of a controlled substance. Punishment was assessed at five years and a $250 fine, and appellant was placed on probation.

The record reflects that after a hearing on appellant's motion to suppress evidence obtained in a search incident to his arrest, the motion to suppress was overruled and appellant entered a plea of nolo contendere supported by a judicial confession.

█ In his first ground of error appellant challenges the ruling on his motion to suppress, and in the other ground of error he contends his plea was involuntary because it was induced by the trial court's representation that he could appeal the adverse ruling on the motion to suppress.

We address the second ground of error first. Appellant relies on *Mooney v. State*, 615 S.W.2d 776, and *Wooten v. State*, 612 S.W.2d 561, for the rule that, "As a matter

of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled." *Mooney v. State*, supra, 615 S.W.2d at 778, quoting *Wooten v. State*, supra. Appellant argues that the record of this case reflects a violation of that rule, relying on the trial court's comment at the time the motion to suppress was overruled:

> "What I will do is overrule the motion; and it will be a nice point for you to take up, won't it? How are we going to find out if we don't ask those people up there?"

We find this comment by the court is clearly distinguishable from the statements in *Wooten* and *Mooney*, where the court, upon accepting the pleas, assured the defendants that the previous adverse ruling was subject to review despite the plea. Here the comment was made before any indication in the record of what plea appellant intended to enter. The record reflects no mention of the reviewability of the pre-trial ruling at the time the plea was entered. No misrepresentation is reflected in the comment of the court quoted above. At the time it was made, the court simply commented the point would be a "nice" one to raise on appeal, and at that point in time nothing had occurred that would prevent raising the issue on appeal. We hold *Wooten* and *Mooney* do not apply, and overrule the ground of error.

■ We also overrule the first ground of error. No evidence seized from appellant was introduced; the conviction rests on the judicial confession. Nothing is presented for review. *Mooney v. State*, supra, at 777.

The judgment is affirmed.