Lathan Eugene WILLEFORD, Appellant,

v.

The STATE of Texas, State.

No. 2–81–180–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 25, 1981.

Rehearing Denied Dec. 16, 1981.

Ronald Aultman and Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

JORDAN, Justice.

Appellant, after entering a plea of nolo contendere, was found guilty by the trial court of theft of property of the value of $200 or more but less than $10,000 and sentenced to six years in the Texas Department of Corrections.

He appeals on four grounds of error. We affirm the judgment of the trial court.

In his ground of error number one appellant contends that the trial court erred in erroneously apprising him of the effect of his plea of nolo contendere when he was

informed he could appeal the pre-trial motion to suppress. Appellant had filed and the court heard his motion to suppress evidence in this case which he says resulted from an illegal search. The motion to suppress was overruled by the court, but the court expressly gave permission to appellant to appeal the matter of the pre-trial motion to suppress. Prior to 1977 it had long been held that a valid plea of guilty or nolo contendere waived all nonjurisdictional defects. A corollary to this holding was the rule that it was error to accept a "conditional plea", that is, a plea of nolo contendere or guilty entered with the understanding that the defendant could appeal the pre-trial rulings. See Chavarria v. State, 425 S.W.2d 822 (Tex.Cr.App.1968).

However, in 1977, the Legislature in V.A.C.C.P. art. 44.02 provided as follows: A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

Following the effective date of this Act, it has been held that if the requisites of V.A.C.C.P. art. 44.02 are met that certain pre-trial matters may be appealed even though a plea of guilty or nolo contendere has been entered. Thus, in Ferguson v. State, 571 S.W.2d 908 (Tex.Cr.App.1978), where the record affirmatively reflected that the punishment was assessed at the amount recommended by the prosecutor and by his attorney and that the trial court had expressly given permission to appellant to bring this appeal, the Court of Criminal Appeals had jurisdiction of the case. In Ferguson, as in this case, the pre-trial matter involved a motion to suppress evidence seized pursuant to a search warrant. In Galitz v. State, 617 S.W.2d 949 (Tex.Cr.App.

1981), again appellant had attacked the legality of a search warrant, and had appealed on that pre-trial matter after pleading guilty. The court set out requirements of V.A.C.C.P. art. 44.02 necessary to be met before a defendant can appeal a pre-trial matter after pleading guilty or nolo contendere. The court said that "Absent the showing of all three of these jurisdictional requisites there is no power extant in this Court to take cognizance of issues 'appealed' by appellants so situated." The court cited Ferguson, among other cases, for this proposition.

The situation confronting the trial court in Galitz, supra, was strikingly similar to that of this case, as shown by this language of the court in Galitz: "In the instant case, however, nothing was admitted into evidence other than the transcribed examining trial testimony of the officers who escorted, arrested and ultimately searched appellant. Because this evidence was both a fruit of the contested search, and the only evidence which supplied proof of every element of the offense, appellant has preserved his right to have this court determine the merits of his pretrial motion to suppress evidence in the felony case, and we so hold." The trial court had expressly given permission to appeal the legality of the search, and the court said: "We hold the trial court's consent to appeal the issue involving the search in the misdemeanor case invoked the jurisdiction of this Court to consider it pursuant to the patent provisions of Article 44.02, supra, and the failure to file a written pretrial motion to suppress was therefore inconsequential."

We hold, therefore, that the trial court in this case did not mislead or misinform appellant with respect to his plea of nolo contendere. He can appeal and has appealed. His plea was made and entered and the court thereafter expressly gave appellant permission to appeal the search warrant question. Here, the requirements of art. 44.02 were all met: 1, there was a plea bargaining agreement with the state; 2, punishment was assessed by the trial court

within that period recommended by the trial court and agreed to personally by the defendant, and 3, the trial court gave permission to pursue an appeal on the search warrant issue. If appellant cannot appeal this pre-trial matter under these circumstances, V.A.C.C.P. art. 44.02 is meaningless.

By his second ground of error appellant complains that the trial court erred in accepting the conditional plea of nolo contendere. Appellant apparently believes that his plea of nolo contendere waived his right to appeal the pre-trial motion to suppress the evidence from the search of his premises, and that the court was therefore in error in accepting the plea. He is incorrect in this belief. The trial court, as pointed out in the discussion under ground of error number one, expressly gave appellant permission to appeal the pretrial ruling on his motion to suppress, as authorized by V.A.C.C.P. art. 44.02. In arguing this point appellant relies on *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981). This reliance is misplaced because in *Wooten* the appellant was prevented from appealing the court's ruling on his motion under the Speedy Trial Act by the Act itself. V.A.C.C.P. art. 32A.02. The court held that because of this, the trial court was in error in telling appellant he could appeal the pre-trial ruling on the Speedy Trial Act. In this case there is no such bar to an appeal of the ruling on the pre-trial motion to suppress the evidence resulting from an alleged illegal search. The trial court gave permission to appellant to bring this appeal. We therefore have jurisdiction of the case and proceed to consider appellant's complaints of the trial court's overruling his motion to suppress. *Ferguson v. State, supra, Galitz v. State, supra.* See also *Young v. State*, 622 S.W.2d 582 (Tex.Cr.App.1981).

Appellant's third and fourth grounds of error assert error in the trial court's overruling of the motion to suppress certain evidence resulting from a search of appellant's premises because the search was an unauthorized warrantless search and because the search warrant, issued by a magistrate, was not based upon probable cause.

These two grounds would appear to be incongruous and a brief review of the facts is therefore necessary. The record reveals that one Kenneth Henson, an investigator for the Motor Vehicle Theft Service of the Department of Public Safety, and other peace officers, on October 31, 1979, had reason to believe, and did believe, that appellant was involved in the theft of a late model ¾ ton Chevrolet pickup truck. On this day several of these officers had under surveillance appellant's garage at 3409 Kenwood Avenue in Fort Worth, Texas. At about 12:40 P.M. on October 31, 1979, Henson signed an affidavit for and obtained a search warrant from a magistrate to search appellant's premises. Several of the officers had started to search the garage before Henson arrived on the scene with the search warrant, but Henson arrived with the warrant within five minutes after they had entered the garage and the search was completed after the warrant was served on appellant. Henson had radioed the other officers at the garage that he was on the way with the warrant when they started to search the garage. They also had arrested appellant at the scene because he had started to leave before Henson arrived with the warrant. Appellant was advised by one of the officers that they didn't have the search warrant present at the garage at that time but that it was on the way. Some of the officers did enter the garage just three to five minutes before Investigator Henson appeared on the scene with the warrant. There is no evidence, however, that the garage had actually been searched or anything taken therefrom before the arrival of the warrant. The warrant was served on appellant as soon as it arrived and the search was then concluded.

■ We consider this as a search with a warrant, but even if it were to be held a warrantless search, it was not an unreasonable one because it was made pursuant to and incident to a lawful arrest.

■ Appellant contends that the search warrant was issued without probable cause, that it was issued on "mere speculation,

guesswork, and police intuition." We disagree and hold that there was probable cause for the issuance of the search warrant. Investigator Henson and his men had the appellant and his garage under surveillance for some time as part of an investigation into organized auto theft activities. They knew who appellant was and that he was a known felon. These officers also observed other known motor vehicle thieves come and go from this building on the afternoon in question. They also observed appellant removing parts of a white, new model, pickup and haul them away in his own truck. The officers also saw part of a license number on a 1977 Chevrolet pickup truck and after a computer check identified it as a stolen vehicle. All of this information and more is contained in the affidavit of Investigator Henson which was the basis for the search warrant.

The affidavit of Investigator Henson read in part as follows:

"I, Kenneth Henson, a peace officer for the State of Texas, do solemnly swear that Lathan Eugene Willeford and other persons unknown, on or about the 30th day of October, A.D. 1979, did intentionally and knowingly appropriate property, to-wit: a white ¾ ton 1977 Chevrolet pickup from the owner, Donnie Lenox, without the effective consent of the owner and with intent to deprive the owner of said property. And I further solemnly swear that the said property is now concealed by the said Lathan Eugene Willeford in a garage located at 3409 Kenwood Avenue in Fort Worth, Tarrant County, Texas. The garage is on the east side of Kenwood Avenue facing west, and is described as a single story white stucco structure with a white composition roof. The building is approximately 36' wide and 65' long, with two large overhead garage doors opening to Kenwood Avenue and an entrance door on the rear or east end of the building. In front of the building, next to the street, is a rural type mailbox displaying the numerals 3409. This building is in the care, custody and control of the said Lathan Eugene Willeford."

The affidavit of Henson then proceeds to set forth further basis for the issuance of the warrant based on the observations and knowledge of other peace officers who had worked this case. The warrant was not issued on speculation or guesswork, but on solid, concrete information. There was probable cause for the issuance of the warrant. *Jones v. State*, 568 S.W.2d 847 (Tex. Cr.App.1978); *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.1976).

Appellant's third and fourth grounds of error are overruled, and the judgment is affirmed.