Curtis NEALY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–448–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1982.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

Appellant brings his appeal from a conviction for felony theft and unauthorized use of a motor vehicle on his guilty plea pursuant to a judicial confession, stipulation of evidence and a plea bargaining arrangement. Punishment was assessed at three years confinement. In his sole ground of

error appellant contends the trial court improperly accepted his guilty plea. We find appellant has no standing to appeal and affirm.

Appellant challenges the trial court's acceptance of his plea of guilty which he maintains was conditional upon and inspired by the court's representations that he had preserved the right to appeal its disposition of his pre-trial motion to suppress. As a result he contends his plea was involuntary. For his contention appellant cites *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr. App.1981) and *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981). We do not find these cases dispositive. In both *Wooten* and *Mooney* the records affirmatively show the trial court's advising the accused that he could challenge the subject of pre-trial motions on appeal and further show the defendants' reliance upon that inducement. The Court of Criminal Appeals held that "As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled." *Mooney v. State, supra,* at 778 quoting *Wooten v. State, supra* at 563. The record before us reflects distinct circumstances wherein the trial court advised appellant he could not appeal the disposition of his pre-trial motion to suppress absent consent of the court prior to accepting the plea. Appellant did not assert his right to appeal at the time the trial court accepted his plea of guilty. The situation before us is similar to that presented in *Young v. State,* 622 S.W.2d 582 (Tex.Cr.App.1981) and *Strother v. State,* 619 S.W.2d 177 (Tex. Cr.App.1981) wherein the Court of Criminal Appeals found no standing to appeal existed where defendants failed to assert their right to appeal at the time the trial court accepted their guilty pleas and judicial confession. Tex.Code Crim.Pro.Ann. art. 44.02 prescribes requisites for appellate review from negotiated plea proceedings. (Vernon 1979); *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Cr.App.1981). In failing to fulfill those requisites, appellant has failed to preserve error for review. Accordingly, we overrule his sole ground of error and affirm the trial court's judgment.

Affirmed.