Michael Ashley NYCUM, Appellant,

v.

STATE of Texas, Appellee.

No. C14–82–240CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.
Rehearing Denied Dec. 16, 1982.

Lewis Dickson, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This consolidated appeal arises out of two convictions for burglary of a habitation wherein the punishment was assessed, pursuant to a guilty plea by the appellant, at twenty-two (22) years confinement in the Texas Department of Corrections. Appellant does not challenge the sufficiency of the evidence; therefore, a rendition of the facts is not necessary. We affirm.

In his first ground of error appellant contends that his guilty pleas were "conditional pleas" contingent on his being allowed to appeal his pretrial motions. Appellant asserts that he would not have pled guilty if he had known that his guilty plea and judicial confession foreclosed his right to appellate review of his pretrial motions. Appellant filed a Motion to Suppress Evidence, a Motion to Set Aside the Indictment for Want of Compliance with the Speedy Trial Act and a Motion to Quash the Indictment on the grounds that the notice contained in the indictment was insufficient, all of which were overruled by the trial court.

■ A guilty plea is "conditional," and thus violative of due process of law, if predicated upon incorrect assurance from the trial judge that certain specific matters can be taken up on appeal. The trial court must not promise an appellant rights which do not exist or a guilty plea is unknowing, involuntary, and unintelligent. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981). If the record affirmatively shows that a guilty plea, though not induced by such an improper assurance or promise by the trial court, is made "subject to" or "in reliance on" the preservation of an asserted ground of error as a basis for appeal, so as not to be a voluntary, knowing and intelligent plea of guilty, the appellate court may reverse that conviction based on an impermissibly conditional plea. *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App.1971). However, as in *Wheeler v. State,* 628 S.W.2d 800 (Tex.Cr. App.1982):

"We find after reviewing this record that it does not affirmatively show that the appellant's plea of guilty was entered with the understanding that the appellant was not waiving but preserving his right to appeal the trial court's ruling on the pre-trial motion[s]. . . ."

■ While it is true that appellant told the trial judge that he was not withdrawing his pretrial motions, that fact alone does not make appellant's guilty plea a conditional plea. It was not entered "subject to" an asserted right of appeal or with an express "understanding" that the defendant was not waiving the right to appeal as to a certain pre-trial motion, as in *Killebrew v. State, supra.* Where there is shown no agreement, no stipulation, nor was it ever mentioned that defendant entered his guilty plea "subject to" or "in reliance on" his pre-trial motion to suppress, the conviction was affirmed. *Allen v. State,* 474 S.W.2d 480 (Tex.Cr.App.1972). In this case the record reflects that there was no affirmative assurance from the trial court that any of appellant's pretrial motions would be preserved for appeal after a guilty plea was entered. The trial court has no duty under Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon 1966) or otherwise, to warn against or to correct all of a defendant's misbegotten expectations of the scope of his appellate rights. Appellant has been allowed an appeal. As to some possible grounds of error, if raised by pretrial motion, an effective appeal might have been made despite the plea. However, the effect of appellant's guilty plea and judicial confession is to preclude this court from reviewing any of his particular pretrial motions.

■ With regard to appellant's Motion to Suppress Evidence, no evidence obtained as a result of a search was introduced into evidence. No error with respect to such search is presented for review. Furthermore, a judicial confession alone is sufficient to sustain a conviction on a guilty plea under Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1966). *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978); *Young v. State,* 622 S.W.2d 582 (Tex.Cr.App.1981).

■ Likewise, appellant's Motion to Set Aside the Indictment for Want of Compliance with the Speedy Trial Act was waived by appellant's guilty plea. Tex. Code Crim.Pro.Ann. art. 32A.02 Sec. 3. Absent evidence that a plea of guilty is predicated upon the assurance from the trial judge that a Speedy Trial Act issue can be brought forward on appeal despite the guilty plea, the plea (which was not expressly so) is not conditional. *Wooten v. State, supra.* No error exists if the appellant does not *assert* his right of appeal at the time the trial court accepts his guilty plea and the record fails to disclose any representations by the trial court to the defendant regarding the reviewability on appeal of his pre-trial motion. *Strother v. State,* 619 S.W.2d 177 (Tex.Cr.App.1981). The record does not support appellant's contention that his guilty plea was expressly conditional or that the trial court made any promise or inducements concerning the appealability of his pretrial motion. Therefore, any assertion that the Speedy Trial Act was violated in this case was waived when appellant entered his guilty plea.

■ Appellant's final pretrial motion was a Motion to Quash the Indictment on the grounds that the notice contained in the indictment was not sufficient. Again, appellant's guilty plea and judicial confession waived his right to complain about the denial of the motion on appeal, since he made no showing or claim of injury resulting from the denial of his Motion to Quash the Indictment on the basis of a defect in form and notice. The record reflects no prejudice to the substantial rights of appellant and no ground for reversal. *Peralez v. State,* 630 S.W.2d 330 (Tex.App.—Houston [14th Dist.] 1982); *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981). Appellant's first ground of error is overruled, there being no showing that the trial judge gave appellant any affirmative assurance that his pretrial motions were preserved for appeal.

■ Appellant's second ground of error is that the trial court erred in failing to strictly comply with the mandatory provisions of Tex.Code Crim.Proc.Ann. art. 26.-13(a)(3) (Vernon 1966).[1] Before appellant entered his guilty plea the trial court admonished him as to sections (1) and (2) of Article 26.13(a). The trial court did not admonish the defendant of section (3), as that provision was immaterial to the appellant, because he was only asserting an intention to appeal from pretrial matters that did not require permission from the court to perfect. Art. 26.13(c), V.A.C.C.P. provides that:

"In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

As to the two grounds of error actually asserted on appeal, the absence of the trial court's permission to such appeal has not been raised by the state or by this court. We have considered the appeal. No harm resulted from failure to warn of something that was no impediment to appellant's appeal.

Appellant must prove that he was harmed by the failure of the trial court to admonish him as to section (3) of Article 26.13(a). Appellant has failed to do so. The Court of Criminal Appeals has found that a deficient admonishment will be considered to be in substantial compliance with the statute where the omitted admonishment is immaterial to the plea in that case. *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr. App.1979). Appellants second ground of error is overruled.

We affirm the judgment of the trial court.

---

1. Art. 26.13(a)  Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\*   \*   \*   \*   \*   \*

(3) The fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial.