**Aaroma Coy SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–752–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

Discretionary Review Granted and Cause Vacated and Remanded May 18, 1983.

Larry Comer, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

Appellant waived jury trial and entered a plea of guilty before the court to the offense of burglary of a building. The court found him guilty and assessed punishment at ten years confinement. Reluctantly, we reverse.

In his sole ground of error, appellant alleges, and the state concedes, that he entered into an impermissible and conditional, therefore unknowing, involuntary, and unintelligent guilty plea. Prior to trial, appellant filed *no* motion and obtained *no* hearing under the speedy trial act. However,

he did agree to a plea bargain which specifically provided for an appeal of the speedy trial act issue. Prior to the acceptance of his plea, the following colloquy occurred:

The Court: Do you understand also in the event the court follows the plea bargain agreement, that you will have no right whatsoever to appeal this matter except with the permission and consent of the court and except for matters pertaining to motions filed prior to trial?

Do you understand that?

Mr. Rush (defense counsel):

Your honor, the reason my client is hesitant to answer that, of course, the plea bargaining was entered in light of my discussion with you in reference to his ability to appeal this case and with reference to time, the one hundred and thirty plus days that he has been waiting. We are not going into the issue now, but it is my understanding you will allow that particular issue, the timeliness of this particular proceeding, to be appealed, as long as that is true and correct and entered on the record, then my client is pleading guilty in this particular cause.

The Court: The court, of course, will permit you to appeal for that particular point only, counsel. I want the record to show that.

Do you understand that, Mr. Procter?

Mr. Procter: Yes, your honor.

The Court: On the question of whether or not there has been a waiver of Speedy Trial?

Mr. Rush: Violation of the Speedy Trial Act.

The Court: Violation of the Speedy Trial Act.

Mr. Rush: Yes, sir.

The Court: The court will certainly do that in the interest of justice and in the use of utmost care and caution. I'll permit that counsel.

Subsequently, appellant's plea of guilty and judicial confession were accepted.

█ Appellant's plea of guilty and failure to file a motion waived any appellate consideration under the Speedy Trial Act. Tex.Code Crim.Pro.Ann. art. 32A.02 § 3. However, the court's representations promised appellant rights which did not exist. Thus, appellant's plea of guilty was unknowing, involuntary, and unintelligent. The court was not authorized to accept such a conditional plea. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981); and *see Nealy v. State,* 642 S.W.2d 224 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

However, even though this ground of error must be sustained and the conviction reversed under the cited authorities, we feel it is necessary to express our disagreement and dissatisfaction with such a rule. It imposes upon a trial judge the unconscionable burden of advising trial attorneys when they labor under misbegotten conceptions of the law. Secondly, it espouses an unwarranted waste of precious judicial resources by requiring a new trial where a review of the disputed issue in this Court would fulfill the accused's expectations. And, finally, in reviewing this case, we note that the critical question was never properly presented to the trial court for determination. Therefore, this court should be free to review the speedy trial question, reject appellant's challenge, and affirm this conviction on the ground of a voluntary, knowing plea. Nevertheless, we are bound by the rule enunciated by the Court of Criminal Appeals and do reluctantly adhere to it. Appellant's ground of error is sustained.

The judgment is reversed and the cause is remanded to the trial court for a new trial.