Aaroma Coy SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 269–83.

Court of Criminal Appeals of Texas,
En Banc.

May 18, 1983.

Larry C. Comer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for burglary of a building. Appellant was convicted in a trial before the court following his plea of guilty. Punishment was assessed at 10 years.

The Court of Appeals reversed appellant's conviction after finding that his plea of guilty was involuntary. *Smith v. State,* 654 S.W.2d 722 (Tex.App.—Houston [14th] 1983). It was found that the plea of guilty was entered by appellant conditioned upon his right to appeal an alleged violation of the Speedy Trial Act. The court found that appellant's plea of guilty was involuntary under this Court's opinion in *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981).

In *Martin v. State,* 652 S.W.2d 777 (Tex. Cr.App.1983), this Court held that a defendant does not waive his rights under the Speedy Trial Act by entering a plea of guilty. This Court held that, if a defendant is convicted on his plea of guilty, he may nevertheless appeal to have the correctness of the overruling of his motion to dismiss decided by an appellate court.

We find that this Court's opinion in *Martin v. State,* supra, directly affects the merit of the sole ground of error which appellant presented to the Court of Appeals. Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex. Cr.App.Rules), the State's petition for discretionary review is granted and the cause is remanded to the Court of Appeals for the Fourteenth Supreme Judicial District for reconsideration of appellant's ground of error in light of this Court's opinion in *Martin v. State,* supra. This Court expresses no opinion with respect to the ultimate disposition of the ground of error.

The judgment of the Court of Appeals is vacated and the cause is remanded to that court for reconsideration of appellant's first ground of error.