**Tina Marie Savage GANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0229–CR.**

Court of Appeals of Texas,
Amarillo.

Feb. 3, 1984.

Rehearing Denied Feb. 22, 1984.

Discretionary Review Granted
Oct. 24, 1984.

James D. Durham, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

This is an appeal from a conviction for the offense of possession of a controlled substance (methamphetamine) under Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 4.041(d)(1) (Vernon Supp.1982–1983). After a pretrial hearing, the court overruled appellant's motion to suppress evidence. Thereupon, pursuant to a plea bargain agreement between appellant and the prosecuting attorney, appellant entered a plea of guilty, and the trial court assessed punishment at five (5) years probation and a fine of $2,500. By two grounds of error,

the appellant claims the trial court erred by overruling her motion to suppress certain evidence, and by accepting her involuntary plea of guilty. Concluding that the appellant's grounds of error do not present cause for disturbing the judgment, we affirm.

By her first ground of error, the appellant claims the trial court erred in overruling her motion to suppress the fruits of an unconstitutional search and seizure. Under the circumstances in this instance, that ground of error presents nothing for review in this court. The record shows that after the trial court overruled her motion to suppress, appellant gave notice of appeal of that ruling, waived her right to trial by jury, and entered a plea of guilty. She then took the witness stand and judicially confessed that she committed the offense alleged against her in the indictment. No evidence seized pursuant to the challenged warrantless search was introduced, and no such evidence was used to support appellant's conviction. Where no evidence obtained as a result of a search is introduced into evidence, no error with respect to that search is presented for review. *Ferguson v. State*, 571 S.W.2d 908, 909 (Tex.Crim.App.1978); *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Crim.App. 1974).

We acknowledge that article 44.02 of the Texas Code of Criminal Procedure gives the defendant a right to appeal the trial court's adverse ruling on certain pretrial motions after a plea of guilty under a plea bargain arrangement. However, the merit review of that right must be carefully preserved in the trial. For the defendant to preserve a merit review of the trial court's adverse ruling on his pretrial motion to suppress certain evidence, the record must show: (1) existence of a plea bargaining agreement with the State, *Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim. App.1981); (2) punishment assessed by the trial court at or within that recommended by the prosecutor, *Id.* at 951; and (3) the absence of any independent evidence to support the plea of guilty, such as a judicial stipulation or admission of guilt which relieved the State from the burden of introducing the challenged evidence to support that conviction, *Ferguson v. State, supra,* at 908. Thus, in this instance, where there is independent evidence to support the appellant's conviction (*i.e.,* her judicial admission) and none of the evidence challenged by her motion to suppress was introduced at the trial, the appellant's first ground of error presents nothing further for review and must be overruled.

By her second ground of error, the appellant claims the trial court erred by accepting her plea of guilty because that plea was not voluntarily and knowingly made. Under this ground of error, the appellant contends, in essence, that the trial court was not authorized to accept her plea of guilty because that plea was conditional and made subject to an agreement or understanding with the trial court that she could appeal the court's adverse ruling on her motion to suppress. However, the record before us shows that there was no such agreement or stipulation, nor was it ever mentioned that the appellant entered her plea of guilty subject to, or in reliance upon, her motion to suppress.

To support her position, the appellant primarily relies on *Mooney v. State*, 615 S.W.2d 776 (Tex.Crim.App.1981) and *Wooten v. State*, 612 S.W.2d 561 (Tex.Crim. App.1981). In *Wooten*, the defendant was charged with robbery. He filed a motion to dismiss the charge for noncompliance with the Texas Speedy Trial Act. After a hearing, the trial court overruled his motion. Thereafter, the defendant entered a negotiated plea of guilty and made a judicial confession to the charge. On appeal, he contended, among other things, that the trial court erred by accepting his plea of guilty which was made in reliance on an agreement that he could appeal the court's adverse ruling on his motion to dismiss. Under the court's decisions applicable at that time, a merit appeal on the trial court's adverse ruling on the pretrial motion to dismiss was foreclosed.

In its discussion of Wooten's contention, the court pointed out that it was error to accept a "conditional plea" (*i.e.*, either a plea of guilty or nolo contendere) if that plea was entered with an agreement or understanding that the defendant could appeal from the trial court's adverse ruling on a pretrial motion when that right did not legally exist. However, the court immediately acknowledged, with approval, the qualifying explanation of that rule from *Allen v. State*, 474 S.W.2d 480, 482 (Tex. Crim.App.1972) when it stated that:

> [T]he error of accepting a conditional plea of guilty does not arise merely because the plea was entered after the denial of a pretrial motion if "*[t]here was no agreement, no stipulation nor was it ever mentioned that appellant entered his plea ... subject to or in reliance upon his motion* [that was denied]." (Emphasis added.)

Then, the court reiterated that:

> As a matter of constitutional law a guilty plea cannot be said to have been voluntary *if it was induced* by an agreement, approved by the court, that a question could be appealed when that agreement cannot be fulfilled. (Emphasis added.)

Thus, the court observed that the disposition of the defendant's contention "will turn on whether the record shows such an understanding or agreement."

In that instance, the record established that with the trial court's prior approval, Wooten entered his plea of guilty subject to his *specifically reserved right* to appeal the court's adverse ruling on the motion to dismiss. In reversing the judgment and remanding the cause, the court determined that Wooten's plea was induced by an arrangement approved by the trial court that he could appeal the issue of his rights under the Texas Speedy Trial Act, when that agreement could not be fulfilled and that therefore the plea was not knowingly and voluntarily made and the trial court was not authorized to receive the plea.

From *Mooney* we consider only that portion of the opinion which relates to the court's disposition of the appeal of the defendant Dean Mooney. He was charged with aggravated promotion of prostitution. After a hearing on the defendant's pretrial motion to suppress certain evidence, the trial court overruled the motion. Thereafter, the defendant negotiated a plea arrangement, entered a plea of guilty, and executed a judicial stipulation of guilt. The record established that Dean Mooney's plea of guilty was specifically made *subject to* and *induced by* a court-approved agreement that he could appeal the merits of his previously overruled motion to suppress. The record further revealed that the trial court erroneously apprised the defendant of the effect of his plea (*i.e.*, by failing to inform him that his judicial stipulation had foreclosed a merit consideration of his appeal from the adverse ruling on the motion to suppress). The Court of Criminal Appeals concluded that the trial court "lacked authority to accept Dean Mooney's conditional plea," and reversed the judgment in his case and remanded the cause to the trial court. The court's conclusion was grounded on the rationale from *Wooten* to the effect that when the defendant's plea is induced by an agreement or understanding, approved by the trial court, that the merits of his motion to suppress will be preserved for appeal when that agreement cannot be fulfilled, then the trial court cannot accept such a conditional plea.

In the case before us, the facts are different from the circumstances presented in *Mooney* and *Wooten* and require a different result. In this instance, the record before us shows that on 25 February 1982, the appellant was charged with the felony offense of possession of a controlled substance (*i.e.*, methamphetamine). On 12 March 1982, the appellant filed her motion to suppress evidence in which she alleged that certain evidence was obtained as a result of an unlawful search and seizure. After an evidentiary hearing on 28 May 1982, the court overruled the motion. Later that same day, after negotiating a plea bargain, the appellant pled guilty, executed a stipulation of guilt, then took the stand at

her attorney's direction and judicially admitted her guilt.

The record further shows the following dialogue concerning the appellant's right to appeal:

THE COURT: Okay. You'll have certain appeal rights I'll discuss with you later. You're familiar with the indictment?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: If I give you the five years probation and the $2500 fine, you have a very limited appeal right. You could appeal on matters raised pre-trial, which in this particular case, there have been some.

But outside of those matters that you have raised on pre-trial, I doubt very seriously if you have any appealable points, because outside of the pre-trial motions, the only thing you could appeal on on a negotiated plea would be something I would allow you to appeal on, and I do not plan on letting you appeal on anything I don't have to.

So, do you understand that you have a limited appeal right?

THE DEFENDANT: Yes, sir, I do.

. . . .

THE COURT: Okay. And as I told you, since I did accept the State's recommendation, I doubt if you have much of an appeal, except on the issue raised earlier in the day on search.

I need to sentence you at this time. That does not in any shape, form or fashion interfere with or impede your appeal right. It's just a process we have now that provides for judgment and sentence on the same day.

State have anything else before sentence is imposed?

MR. BUTLER: No, Your Honor.

THE COURT: Pleas, Motions in Bar from Defense Counsel?

MR. DURHAM: No, Your Honor.

THE COURT: Anything you want to say, Mrs. Gano, before I impose the sentence?

THE DEFENDANT: No, sir.

■ It is obvious from the above dialogue that the appellant could have received an impression that she could appeal the merits of her overruled motion to suppress without knowing that a merit consideration of that matter would be foreclosed by her judicial admission of guilt if the State did not rely on the evidence she unsuccessfully sought to suppress. However, there is absolutely nothing in the record to show that the appellant's plea of guilty was *induced* by any agreement, stipulation, understanding or arrangement approved by the court that she could appeal on her motion to suppress. Nor was it ever mentioned in the dialogue or any other part of the record that the appellant entered her plea of guilty *subject to or in reliance upon* her motion to suppress. The absence of those matters from the record distinguishes this case from *Mooney* and *Wooten*. See *Allen v. State, supra,* 474 S.W.2d at 482. Furthermore, the record reveals many acknowledgements by the appellant that her plea was voluntarily, intelligently and freely made without any promises or inducements. Consequently, we conclude that the appellant's plea of guilty was voluntarily and knowingly made and that the trial court did not commit reversible error by accepting her plea of guilty. The appellant's second ground of error is overruled.

The judgment is affirmed.