Jesse Chavarria GOMEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–289–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 9, 1984.

David K. Chapman, San Antonio, for appellant.

Alan Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for possession of heroin. The conviction was the result of a plea bargain entered into by the appellant.

Appellant asserts as his first ground of error that his plea of nolo contendere was involuntary. At trial, appellant agreed to enter a plea of nolo contendere to the charge of possession of heroin. The record shows that the appellant also entered into a plea on a burglary charge. This is not before the Court in this appeal. The state recommended as punishment ten years' confinement and agreed to waive the enhancement allegations. The plea was accepted by the Court. In addition to the plea, appellant also entered into a written stipulation in which he judicially confessed to possession of heroin. The stipulations of the parties were, in pertinent part:

"Said defendant in person together with his counsel and the attorney representing the State of Texas further agrees and consents in writing in open court to the introduction of testimony on behalf of the State by affidavits, written statements of witnesses, and any other documentary evidence that may be offered in support of any judgment that may be entered in said cause, all of which are attached hereto, marked Exhibit Nos. 1, 1A–5A inclusive, and made a part hereof. Said defendant in person together with his counsel and the attorney representing the State of Texas further agrees that such exhibits and stipulations as well as this instrument may be considered as a part of the Statement of Facts in said cause, and that such stipulated evidence EXCEPT AS OBJECTED TO BY MO-

TION TO SUPPRESS[1] is true and correct. Defendant judicially confesses that on May 14, 1980, he did then and there knowingly and intentionally possess a controlled substance, namely: Heroin.[2]

Ordinarily, a stipulation to the commission of the offense would present nothing for review. *See Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978). However, here, the court allowed appellant's plea to be conditioned upon his right to appeal his pretrial motion to suppress. At the hearing, the trial court instructed appellant as follows:

THE COURT: If the Court does follow the plea bargaining agreement and I do find you guilty, and I do assess ten years in each case and no more, then you cannot appeal this case without the Court's permission. That is, you cannot appeal 80–CR–1789[3] or 80–CR–2132 except for any pre-trial motions filed by your attorney and heard by the Court; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. If the Court does accept your plea of nolo contendere in each case and does find you guilty, I will now inform you that except for the pretrial motions, I will deny your right to appeal; do you wish to enter a plea of nolo contendere in each case?

THE DEFENDANT: Yes.

THE COURT: You may offer your proof.

MRS. REED: In cause number 80–CR–1789 and 80–CR–2132, both styled The State of Texas vs. Jesus Chavarria Gomez, the defendant, the defendant's attorney and the State's attorney have entered into a written waiver and consent to stipulation of testimony and other stipulations evidenced by State's Exhibit Number 1a to 7a in 80–CR–2132, 1a to 5a in 80–CR–1789. Each of the parties have entered into an agreement and have had

the opportunity to read or have read to them, State's Exhibit Number 1 and their attachments in each of the respective cases and have affixed their signature to the same.

The trial court later held a hearing on sentencing in which the court again instructed the appellant that he would be denied a right to appeal except with regard to matters filed prior to entering the plea.

It appears that the court never advised the appellant that by judicially confessing to the offense of possession of heroin, he foreclosed his right to appeal pretrial matters since a judicial confession alone is enough to sustain a conviction. *Ferguson v. State*, 571 S.W.2d at 910. The record reflects that the stipulations were before the trial court both at the time the court accepted the plea and sentenced appellant. The court at all times advised appellant that he could appeal pretrial matters.

In *Wooten v. State*, 612 S.W.2d 561, 563 (Tex.Cr.App.1980),[4] the Court of Criminal Appeals held:

"If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, then the trial court was not authorized by State law to accept such a plea .... As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled."

Because of appellant's stipulation to commission of the offense, the errors presented are not appealable under TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). The record reflects that the appellant was induced by statements made by the trial court that he could appeal his motion to suppress. The effect of the court's agreement that the appellant could

---

1. Appears as a handwritten insertion.

2. Appears in handwritten form.

3. No. 80–CR–1789 is the possession of heroin cause.

4. The holding in *Wooten v. State* was overruled, in effect, by *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983), but does not affect the language quoted in this opinion.

appeal his pretrial motions when his judicial confession foreclosed that option made his plea involuntary. *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981); *Crawford v. State*, 624 S.W.2d 906 (Tex.Cr.App.1981); Cf. *Young v. State*, 622 S.W.2d 582 (Tex. Cr.App.1981).

The conviction for possession of heroin is reversed and the cause remanded for a new trial.

REVERSED and REMANDED.