**Nicholas S. RENZI, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–00268–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1984.

388

Charles Medlin, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lori B. Millberg, William T. Cornelius, Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, WARREN and COHEN, JJ.

## OPINION

LEVY, Justice.

This appeal is taken from a conviction for the felony offense of possession of marihuana. The trial court found the appellant guilty and, pursuant to a plea bargain, sentenced him to eight years confinement, probated, and a $1,000 fine.

The Pasadena Police Department received information on January 15, "1983", from an undisclosed informant that appellant would be in possession of a quantity of marihuana and methaqualone on January 15, 1984. Officer Zink of the Pasadena Police immediately obtained a search warrant for appellant's premises and executed the warrant on January 15, 1984. He found approximately thirty-five pounds of marihuana on appellant's premises.

Appellant was arrested and charged by indictment with possession of marihuana in

a useable quantity of more than five pounds and less than fifty pounds. Appellant's motion to suppress was denied at the hearing. Shortly thereafter, appellant signed a stipulation of evidence and judicial confession. He then pled no contest to the charges pursuant to a plea bargain agreement.

Appellant argues in his first of three grounds of error that the trial court erred in overruling his motion to suppress, contending that the search warrant was issued on stale probable cause. The search warrant was apparently, but not actually, executed one year after the informant's tip. The State argues that the 1983 date shown on the informant's affidavit, upon which the warrant was predicated, was only a typographical mistake.

Article 44.02 gives the defendant a right to appeal the trial court's adverse ruling on written pretrial motions after a plea of guilty under a plea bargain arrangement.

Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1977) provides:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, *he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial...* (Emphasis supplied).

For the defendant to preserve appellate review of the trial court's adverse ruling on his pretrial motion to suppress, the record must show, according to the test set forth in *Gano v. State*, No. 07–82–00229–CR (Tex.App.—Amarillo, February 8, 1984) (not yet reported):

(1) existence of a plea bargaining agreement with the State, *Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981);

(2) punishment assessed by the trial court at or within that recommended by the prosecutor, *Id.*, at 951; and

(3) the absence of any independent evidence to support the plea of guilty, such as a judicial stipulation or admission of guilt which relieved the State from the burden of introducing the challenged evidence to support that conviction.

The record reflects that the appellant judicially stipulated to the commission of the offense, which is evidentiary support for his conviction independent of his plea of nolo contendere. The document is entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession."

A judicial confession alone is sufficient to sustain a conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. 1979); *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978); *Cervalles v. State*, 513 S.W.2d 865, 866 (Tex.Crim.App. 1974). In view of appellant's judicial stipulation to the commission of the offense, any error alleged in appellant's motion to suppress is harmless. *Mooney v. State*, 615 S.W.2d 776, 777 (Tex.Crim.App.1981); *Young v. State*, 622 S.W.2d 582, 583 (Tex. Crim.App.1981); *Gano v. State, supra.* We further note that no material obtained as a result of the search complained of was ever introduced into evidence, thus making a review of the denial quite academic, if not pointless. *Ferguson v. State, supra; Mooney v. State, supra.* The first ground of error is overruled.

Appellant's second ground of error alleges that appellant's plea of no contest was conditional and involuntary, in that the trial court agreed with appellant that he had a right to appeal the merits of his pretrial motion to suppress.

During the hearing on appellant's plea of no contest, but before formally entering his plea, appellant's counsel and the court engaged in a lengthy colloquy, within the presence of the appellant, concerning appel-

lant's right to appeal the suppression issue. The Court made some ambiguous statements fairly implying that appellant had a right to appeal even though the Court was reluctant to enter into a formal agreement with respect thereto. Appellant principally relies on the following exchange:

MR. MEDLIN: I understand Judge, I mean no disrespect for you.

THE COURT: I understand that, I do.

MR. MEDLIN: We are interested in appealing the search issue.

THE COURT: I understand. You have a right under the Law. By all means you should pursue it.

The appellant contends that the instant case is similar to *Wooten v. State*, 612 S.W.2d 561 (Tex.Crim.App.1981), holding that a guilty plea will be considered conditional and involuntary when the trial court erred in accepting a guilty plea made in misplaced reliance on an agreement that an issue can be raised on appeal. In *Wooten*, the trial court incorrectly assured the appellant that he could appeal his pretrial speedy trial motion when it was no longer available to him after appellant had pled guilty. The State argues that the case at bar is distinguishable from *Wooten* in that the appellant, Renzi, had not entered his no contest plea at the time that the Court suggested that he had a right to pursue an appeal. The distinction as to sequence is inconsequential in evaluating the controlling question: Was the plea of nolo contendere induced by an agreement between the State and the appellant, and approved by the court, that an issue could be appealed when the law makes it impossible to fulfill the agreement?

■ In *Mooney*, the trial court made incorrect assurances to the appellant that he could appeal a written pretrial motion to suppress even though appellant pled nolo contendere, stipulated to the commission of the offense, and the stipulations were admitted into evidence. Although the record herein reflects that the trial court did not give such an explicit assurance, the court's statements were nevertheless of such a nature as would induce a reasonable belief that appellant had a right to appeal the court's denial of his motion to suppress, and thus conditioned and made involuntary his plea.

The second ground of error is sustained.

The appellant's third and final ground of error alleges that appellant's plea of no contest was conditional and involuntary in that the trial court failed to admonish appellant that his judicial confession and stipulation, although sufficient to sustain his conviction, would foreclose his right to appeal the merits of his pretrial motion to suppress.

■ The record reflects that the trial court did not inform appellant that he would be foreclosed from appealing the merits of the written pretrial motion to suppress. Texas Courts of Appeals have found an appellant's plea to be conditional and involuntary where the trial court failed to admonish the appellant as to the nullifying effect his stipulation of evidence and judicial confession would have on his right to an appeal on the merits. *Stinson v. State*, 658 S.W.2d 820 (Tex.App.—Fort Worth 1983, pet. granted); *Gomez v. State*, 665 S.W.2d 849 (Tex.App.—Corpus Christi 1984, pet. granted); *Morgan v. State*, 656 S.W.2d 171 (Tex.App.—San Antonio 1983, pet. granted); and *Zappas v. State*, 650 S.W.2d 131 (Tex.App.—Houston [14th Dist.] 1983, pet. granted). Unless and until the Court of Criminal Appeals decides otherwise—and the issue is presently pending there—we conclude that such an admonition by the trial judge is necessary under these facts; an appellant's guilty plea without such admonition can only be considered as involuntary and conditional.

The third ground of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.