Bobby Dale **FINCH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 337–82.

Court of Criminal Appeals of Texas, En Banc.

June 23, 1982.

Garry Lewellen, Stephenville, for appellant.

Wayne Hughes, Dist. Atty. and Bailey F. Rankin, Asst. Dist. Atty., Granbury, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appeal is taken from a conviction for murder. After finding appellant guilty, the jury assessed punishment at life. Appellant's conviction was affirmed by the Court of Appeals. *Finch v. State,* 629 S.W.2d 876 (1982). Appellant's motion for rehearing was overruled without written opinion.

In his petition for discretionary review, appellant contends the trial court erred by placing a limitation upon certain questions he sought to propound to the prospective jurors during the voir dire examination. The Court of Appeals concluded that nothing was presented for review because appellant failed to point out where in the record the alleged violation occurred.

The record reflects that in a supplemental brief filed with the Court of Appeals prior to the opinion, appellant directed that court's attention to pages 84–85 of the record on appeal with respect to his contention concerning a limitation on the voir dire examination. We therefore find that appellant did point out where in the record the alleged limitation occurred.

In his petition for discretionary review, appellant further contends he was denied his constitutional right to a speedy trial under the Texas and United States Constitutions. This contention was raised in the brief filed by appellant with the Court of Appeals. The opinion by the Court of Appeals makes no mention of appellant's contention wherein he maintains he was denied his constitutional right to a speedy trial.

In his petition for discretionary review, appellant further contends he was denied his statutory right to a speedy trial under Article 32A.02, V.A.C.C.P. The record reveals appellant filed a motion to dismiss on June 11, 1979. The motion was heard and overruled by the trial court on the first day of trial, July 26, 1979, with a notation that such motion was "timely submitted to the court and overruled."

The Court of Appeals found nothing was presented for review with regard to appellant's contention concerning the denial of his motion to dismiss because such motion had not been timely filed and urged. We have reviewed the record and find that the motion was in fact timely filed and urged under Article 32A.02, Section 3, supra.

Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex. Cr.App.R.), appellant's petition for discretionary review is granted and this case is remanded to the Court of Appeals for the Second Supreme Judicial District for reconsideration of appellant's first and fourth grounds of error. See *Sanchez v. State,* 628 S.W.2d 780 (Tex.Cr.App.1982).

This Court expresses no opinion with respect to the ultimate disposition of these contentions, but only finds the Court of Appeals was in error in concluding the complaints were not preserved for review and in failing to address the contentions presented.