**Warren COSPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 238–83.

Court of Criminal Appeals of Texas, En Banc.

June 1, 1983.

Robert Charles Lyon, Mesquite, for appellant.

Thomas F. Lee, Del Rio, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for engaging in organized criminal activity. V.T.C.A., Penal Code, Section 71.02. After finding Appellant guilty, the jury assessed punishment at five years and a $2,000 fine.

The Court of Appeals reversed Appellant's conviction. It was found that the court's charge to the jury was fundamentally defective for failing to require the jury to find all of the elements of the offense in order to convict Appellant. *Cosper v. State,* 646 S.W.2d 676, (Tex.App.—San Antonio, 1983). In his Petition for Discretionary Review, Appellant contends that the Court of Appeals erred in failing to address seven grounds of error in which he challenges the sufficiency of the evidence to support his conviction. If any of these grounds of error have merit, any further prosecution in the instant cause would be barred under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex. Cr.App. Rules), Appellant's Petition for Discretionary Review is granted, and this cause is remanded to the Court of Appeals for the Fourth Supreme Judicial District for the consideration of Appellant's second, fourth, fifth, sixth, seventh, eighth, and ninth grounds of error.

This Court expresses no opinion with respect to the ultimate disposition of these grounds of error, but only finds that the Court of Appeals was in error in failing to address the grounds of error presented by Appellant. Appellant's Petition for Discretionary Review is granted, and the cause is remanded to the Court of Appeals.