**Walter David SCHWERDTFEGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 173–86.**

Court of Criminal Appeals of Texas, En Banc.

March 23, 1988.

Allen C. Isbell (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

CLINTON, J., joined by TEAGUE, J., dissenting.

**OPINION DISSENTING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

CLINTON, Judge, dissenting.

The sole ground for review in this cause raises a question of utmost importance to the appellate criminal justice system, *viz:*

"Whether the Appellant has the right to have a Ground [Point] of Error considered by the Court of Appeals when that Ground [Point] of Error is timely presented and involves the substantial issue that the trial court did not admonish the Appellant concerning the range of punishment as required by Article 26.-13(a)(1) V.A.C.C.P."

See Tex.R.App.Pro. Rule 200(c)(4) and (6).

After a pretrial hearing on his motion to suppress evidence allegedly illegally seized was overruled, pursuant to a plea bargain and upon assurances from the judge of the trial court, appellant pled guilty, reserving his right to appeal the adverse ruling on the motion to suppress, but entering a judicial confession that demonstrated his guilt.

In his initial appeal appellant presented seven points of error. They include: point 1, contending his plea was involuntarily entered; point 2, complaining the trial judge did not properly admonish him as to the range of punishment; points 4 through 7, asserting error in overruling his motion to suppress and in admitting into evidence fruits of the challenged search.

In an unpublished opinion the court of appeals addressed only the first point of

error. It found his plea was "conditional" within the purview of *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981), reversed the judgment and remanded the cause. *Schwerdtfeger v. State* (Tex.App.—Houston [14th], No. B14–81–554–CR, delivered December 23, 1981).

The State filed a petition for discretionary review presenting two questions, *viz:* first, whether the "conditional plea" doctrine remains viable in the facts and circumstances of this cause; second, whether this Court should reexamine its holdings in *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr. App.1981), and *Mooney v. State*, supra. In response, this Court applied the rationale of *Morgan v. State*, 688 S.W.2d 504 (Tex. Cr.App.1985) (judicial confession no bar to appellate ruling on merits of pretrial motion to suppress), vacated the judgment below and remanded the cause to the Houston (14th) Court. In terms of remand, the Court stated:

> "Accordingly, we remand this cause to the Court of Appeals *so that it can rule on appellant's motion to suppress.*"

*Schwerdtfeger v. State* (Tex.Cr.App. No. 183–82, delivered April 3, 1985).[1]

On remand the court of appeals considered points four through seven only, overruled them and affirmed the judgment of the trial court. In his timely motion for rehearing appellant protested that point two in his original brief had never been addressed by that court; he prayed the motion be granted so that the court of appeals would decide his point of error. January 9, 1986, the court summarily overruled motion for rehearing without written opinion—manifested by a notation on the motion.

Article 26.13(a)(1), V.A.C.C.P., is a mandatory statute, and a "total failure" on the part of the judge of the trial court to admonish an accused as to the range of punishment attached to the offense is fundamental error. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980); *Weekly v. State*, 594 S.W.2d 96 (Tex.Cr.App.1980); *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr. App.1979) (Opinion on Rehearing, at 158).

> "The purpose of this admonishment is to insure that the defendant entered his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required as well. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)."

*Ibid.*

As matters presently stand, then, a claim of reversible fundamental error has not been resolved on appeal. For that reason I respectfully dissent to refusal of appellant's petition for discretionary review.

The record does not provide any basis for understanding why the Houston (14th) Court summarily overruled appellant's motion for rehearing. Certainly our remand did not limit it to consideration of points four through seven. After all, then the only issues before this Court were questions presented by the State related to validity of the "conditional plea" doctrine and viability of our prior decisions in *Mooney* and *Wooten*. See *ante*, at 782. The opinion of this Court merely removed what the Houston (14th) Court believed to be an impediment to reaching the merits of the motion to suppress evidence, as well as other points of error. Having demonstrated that it was not so precluded, we remanded the cause for it to rule on the motion to suppress. In that posture of things the entire cause and all points of error were again before the court of appeals for decision.

By virtue of approval of amended Article V, § 5, Constitution of Texas, and enactments of amendments to Article 4.04 and 44.24 (now Tex.R.App.Pro. Rules 80, 90 and 91), and of Article 44.45 (partially repealed by adoption of Tex.R.App.Pro Rules 4, 200, 201 and 202), V.A.C.C.P., this Court has jurisdiction, power and authority to exercise sound judicial discretion to review decisions of courts of appeals in criminal cases. Like the Supreme Court now, this Court has plenary power upon review to dispose of a cause, including remanding it to the court of appeals from whence it came.

1. All emphasis is mine throughout unless otherwise noted.

Tex.R.App.Pro. Rule 202(k). When deemed appropriate the Court has routinely remanded to the courts of appeals: e.g., *Sanchez v. State*, 628 S.W.2d 780 (Tex.Cr.App. 1982); *Ben–Schoter v. State*, 638 S.W.2d 902 (Tex.Cr.App.1982); *Finch v. State*, 643 S.W.2d 414 (Tex.Cr.App.1982); *Cosper v. State*, 650 S.W.2d 839 (Tex.Cr.App.1983); *Szilvasy v. State*, 678 S.W.2d 77 (Tex.Cr. App.1984).[2]

Jurisdiction, power and authority to decide an ordinary criminal case on *direct appeal* are vested alone in courts of appeals. Article V, § 6, Constitution of Texas, and Article 4.03, V.A.C.C.P. "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Cr.App.1983). As delineated by Article 4.04, § 2, V.A.C.C.P., on discretionary review this Court has jurisdiction, power and authority to "review any decision of a court of appeals in a criminal case."

As in this cause, where a court of appeals renders a decision that reverses judgment of conviction without ruling on all points of error raised on appeal, and on discretionary review this Court finds that the reason for that decision is erroneous and reverses or vacates the judgment of the court of appeals, we have set aside whatever error led the court below to pretermit determination of other matters within its jurisdiction, power and authority on direct appeal. There is nothing left for this Court to review, and if the court of appeals is to exercise its own direct appeal jurisdiction, the only proper disposition of the cause by this Court is to remand it to the court of appeals for that purpose.

When the judgment of this Court reversing or vacating the judgment of a court of appeals and remanding the cause to that court becomes final, this Court has relinquished its review jurisdiction in the cause. *Finch v. State*, 643 S.W.2d 414 (Tex.Cr. App.1982). Remand in that instance is purely a simple procedural device to return the cause to the court of appeals. Ordinarily an order instructing the court of appeals is not even necessary for it to proceed to decide the direct appeal. When jurisdiction over the cause is restored by remand, neither statutes nor prior decisions cited *ante* dictate that the court of appeals is limited in its renewed appellate consideration of the cause to the terms of our order of remand.

Indeed, an "order" to the effect that the court of appeals consider certain points of error in a criminal case is superfluous, for such is its function. According to former article 40.09, § 9, on direct appeal an appellate court was obliged to consider every point of error it can "identify and understand," *Ben–Schoter v. State*, supra, especially one that might require reversal of judgment of conviction. Moreover, at the time of our remand former Tex.Cr.App. Rule 211 was in effect. It incorporated rules of civil procedure "to govern proceedings in the court of appeals in criminal cases." Thus former rule 451 required those courts to "decide all controlling issues presented by proper points ...," and rule 452(a) directed that opinions be brief and "yet dispose of every substantial issue raised and necessary to disposition of the appeal."[3]

Finally, because review jurisdiction of this Court was invoked by the State solely to examine the "conditional plea" doctrine and *Mooney* and *Wooten*, and the intervening decision in *Morgan* had resolved the problem, for this Court to issue a remand order to restrict the court of appeals in renewed exercise of its own jurisdiction would seem to be an impermissible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as imple-

---

**2.** In several of those opinions former article 44.37, V.A.C.C.P., is cited as conferring authority on this Court summarily to grant a petition for discretionary review and to remand the cause for further consideration. Yet, in context of articles immediately surrounding that particular statute, "orders on appeal" relate only to habeas corpus proceedings; see also decisions annotated under former article 44.37, supra.

**3.** Effective September 1, 1986, Tex.R.App.Pro. Rule 90(a) mandates that courts of appeals "shall decide every substantial issue raised and necessary to disposition of the appeal[.]"

mented by Articles 4.03, 44.25 and former article 44.24.

For those reasons I would conclude that the Houston (14th) Court of Appeals was not precluded by our remand order from addressing and deciding appellant's second point of error and, to the contrary, was dutybound to consider it.

But it is suggested that the point of error is not properly before the Houston (14th) Court in the first place because the trial court honored a plea bargain as to punishment and did not give permission to appeal pursuant to former article 44.02. In *King v. State*, 687 S.W.d 762 (Tex.Cr.App. 1985) (Clinton joining judgment, at 766–767); *Dees v. State*, 676 S.W.2d 403 (Tex. Cr.App.1984) (Clinton dissenting, at 406–408), and *Morris v. State*, 749 S.W.2d 772 (Tex.Cr.App.1986) (Clinton dissenting, slip opinion, at 10 ff), the fallacy of such a suggestion is demonstrated. Capsuled in *Morris*, supra, is the proposition that former article 44.02 was not intended "to restrict review of alleged deficiencies in the entry of the plea itself, e.g., improper admonishment[.]" *Id.*, at 779–780.

Indeed, on original submission the court of appeals did not hesitate to entertain point one; not only did it consider the point, it reversed judgment of conviction because the "conditional" nature of the plea rendered it involuntary—yet, the trial court had not given permission to appeal that issue! Neither the court below, the State in its PDR nor this Court doubted jurisdiction, power and authority to rule on point one.

Furthermore, jurisdiction of the Houston (14th) Court of Appeals having been properly invoked to determine other points of error, I would hold that the court properly could and should have considered point of error two "in the interest of justice" or otherwise. *Carter v. State*, supra.

Therefore, I respectfully dissent to refusal of this petition for discretionary review.