**Vincent Lee BAKER**

v.

**The STATE of Texas.**

**No. 2–87–064–CR.**

Court of Appeals of Texas, Fort Worth.

July 8, 1988.

Law Offices of Rickard & Ware, Michael Logan Ware, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, and Cindy Singleton, Asst. Criminal Dist. Attys., for appellee.

Before BURDOCK, JOE SPURLOCK, II, and KELTNER, JJ.

## OPINION ON RECONSIDERATION ON PETITION FOR DISCRETIONARY REVIEW

BURDOCK, Justice.

Vincent Lee Baker brings this appeal from his conviction for aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03(a)(1) (Vernon 1974). A jury found the appellant guilty and assessed his punishment at sixty years confinement in the Texas Department of Corrections.

We affirm.

On August 27, 1986, the appellant entered the office of Dr. Spurgeon Lawrence, a local dentist. The appellant attacked Dr. Lawrence and Dr. Lawrence's wife, who was working there as a receptionist. After he had severely beaten Dr. Lawrence, he went into the examination room and began striking an anesthetized patient. The appellant threatened to kill all three victims. Appellant robbed the dentist of his wallet and car keys, and took Mrs. Lawrence's wedding ring.

The appellant was tried before a jury in March of 1987. During the punishment phase of the appellant's trial, the State requested that the jury be instructed on the parole laws of this state and of their effect of reducing a defendant's term of imprisonment. The trial court allowed the instruction to be placed in the charge over the objection of appellant's counsel.

In two points of error, the appellant asserts that his conviction should be reversed due to the trial court's ruling on his objection to the court's charge. According to the appellant, the inclusion of the instruction on parole availability is unconstitutional, because such an instruction violates the separation of powers doctrine of the Texas Constitution. Appellant further asserts that the parole instruction violated the appellant's right to due course of law under the Texas Constitution.

On May 26, 1988, this court handed down its opinion in the appellant's cause. We affirmed the appellant's conviction, finding that he had suffered no harm as a result of the parole law instructions given to the jury at his trial. Our reasoning was based upon the holdings in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987), and *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on reh'g), wherein we reviewed the appellant's cause to determine if *some harm* resulted from the jury charge. However, since we issued the opinion in the appellant's cause, the Texas Court of Criminal Appeals handed down an opinion on rehearing in the case of *Rose v. State*, No. 193-87, slip op. at TC–88–24–51 (Tex.Crim.App., June 15, 1988) (not yet reported) (opinion on reh'g), wherein the court held that the harmless error test codified in TEX.R.APP.P. 81(b)(2) should be applied in determining any error in a jury charge on parole law. *Rose* at slip op. at TC–88–24–53. TEX.R.APP.P. 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appel-

late court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

*Id.*

The appellant entered a motion for rehearing on petition for discretionary review on June 27, 1988, requesting that we review our opinion in his case in light of the second *Rose* opinion handed down by the Court of Criminal Appeals. Pursuant to the appellant's motion, we withdraw our original holding and substitute this opinion in the appellant's cause.

Applying the harm analysis under rule 81(b)(2) to the facts of this case, the appellant was charged with the brutal robbery of Dr. Lawrence. Both Dr. Lawrence and his wife positively identified the appellant as the man who attacked them on the day of the offense. The appellant repeatedly struck Dr. Lawrence in the left eye with powerful blows even though he had not provoked the appellant in any way. The savage beating the appellant administered to Dr. Lawrence left the victim with painful and permanent injuries, including a partial loss of sight in one eye. Dr. Lawrence required reconstructive surgery to help repair the damage the appellant caused to his cheekbone.

The appellant also repeatedly slapped Mrs. Lawrence, regardless of the fact that she offered little or no resistance and was near sixty years of age. The appellant even struck the anesthetized patient, an elderly woman, who was seated in the dentist's chair. Mrs. Lawrence testified that the appellant continued the attack even after she and her husband had surrendered their belongings, and that the appellant seemed to take pleasure in constantly beating Dr. Lawrence. The appellant also threatened to kill them all when the victims tried to retreat to another room and block the door. It is reasonable to assume that the circumstances surrounding the robbery committed by the appellant contributed in part to the sentence assessed by the jury.

Upon review of the jury charge itself, the charge does admittedly inform the jury that the appellant's sentence could be reduced by parole. Further, the charge goes on to explain that the appellant would not be eligible for parole until he had served one-third of his sentence or twenty years, whichever is less. However, the charge also instructs the jury that there is no guarantee that the appellant would in fact be paroled. Further, the charge contained the following provision:

> However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Upon review of the record as a whole, we find beyond a reasonable doubt that the appellant was not harmed as to conviction or punishment by the inclusion of the instruction on parole law in the jury charge. Initially, we note that although the court's instruction did inform the jury of the availability of parole, it also instructed the jurors not to consider it in the appellant's particular case. Further, the prosecutor never told the jury during closing argument that they should consider the possibility of parole in their assessment of the appellant's sentence.

Above all, we find that the very circumstances of the appellant's case support the sixty year sentence assessed by the jury. The offense of which the appellant was convicted carried a punishment range of fifteen to ninety-nine years and a maximum fine of $10,000. Considering the severity of the appellant's brutal attack upon Dr. Lawrence and his wife, we find that the instruction on parole law led to no harsher penalty than the jury might have otherwise assessed were the instructions not included. Therefore, in light of the most recent holding in *Rose*, we hold beyond a reasonable doubt that no harm came to appellant as a result of the instruction on parole law contained in the jury charge. The appellant's points of error one and two are overruled.

Affirmed.