David Lee POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 67630.

Court of Criminal Appeals of Texas, En Banc.

Jan. 11, 1989.

Will Gray, Houston, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

WHITE, Judge.

Appellant was convicted of capital murder. V.T.C.A., Penal Code Sec. 19.03(a)(1). Punishment was assessed at death. Art. 37.071(b), V.A.C.C.P. On direct appeal to this Court his conviction was affirmed. *Powell v. State,* 742 S.W.2d 353 (Tex.Cr. App.1987). Appellant then filed a petition for writ of certiorari which was summarily granted by the United States Supreme Court. Upon consideration, the Supreme Court vacated our judgment and remanded for "further consideration in light of *Satterwhite v. Texas,*" 486 U.S. ——, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (*Satterwhite II*). After renewed review, under the mandates of *Satterwhite II,* we will again affirm appellant's conviction.

An explanation of the precise procedural posture of this case is essential to our present disposition. On original submission to this Court, appellant alleged, *inter alia, Estelle v. Smith* error in the admission of psychiatric testimony at punishment. *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (*Smith*). Specifically, appellant contended that it was error to admit psychiatric testimony concerning future dangerousness where such testimony was based on pre-trial competency examinations conducted without the appropriate warnings or notice. We overruled this contention, and found no error stating, "[A]t first glance, this case seems to be ruled by the Supreme Court's decision in [*Smith*]. However, a thorough review of the record and a careful reading of both [*Smith*] and *Battie [v. Estelle,* 655 F.2d 692 (5th Cir.1981)] brings us to the conclusion that the instant case is distinguishable and is a case of first impression." *Powell, supra,* at 357–358. We opined that where the defendant raises the defense of insanity, which is applicable to guilt-innocence as well as punishment issues, he waives his Fifth and Sixth Amendment rights under *Estelle v. Smith, supra*

concerning such psychiatric testimony.[1] After finding no error, we gratuitously added the following harmless error argument:

> Finally, we conclude that even if there was error in admitting the [psychiatric] testimony ... the error was harmless.

. . . .

> We must conclude, as we did in *Satterwhite v. State*, 726 S.W.2d 81 (Tex.Cr.App.1986) that: 'the properly admitted evidence was such that the minds of an average jury would have found the State's case sufficient on the issue of the "probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society" even if [the psychiatric] testimony had not been admitted. The admission of the testimony was harmless error beyond a reasonable doubt.' [citation omitted].

*Powell, supra* at 359–360. Thus, our response to appellant's *Smith* allegation was two-fold: (1) there was no error and (2) even if error could be discerned, such was harmless under our then recent decision of *Satterwhite v. State*, 726 S.W.2d 81 (Tex. Cr.App.1986) (*Satterwhite I*).

After being unsuccessful on direct appeal, appellant then filed a petition for writ of certiorari in the United States Supreme Court. In his petition appellant challenged, *inter alia*, both of our holdings on the *Smith* issue. In his first question for review, appellant challenged our core holding that a defendant waives his Fifth and Sixth Amendment *Smith* rights when he introduces psychiatric testimony in favor of an insanity contention. In his fifth question for review, appellant challenged our "f[a]ll back" holding that even if there was error, such was harmless under *Satterwhite I.* Appellant's petition was granted.

At that time, the harmless error analysis of *Satterwhite I* was pending review in the Supreme Court. *See, Powell, supra* at 370–371 (Teague, J., dissenting) (noting that the instant case should be held pending the outcome of *Satterwhite I*). Soon thereafter, the Supreme Court reversed *Satterwhite I* to hold that the *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), harmless error test applies to *Smith* error. *Satterwhite II, supra* at 486 U.S. ——, 108 S.Ct. 1797–98. The Court stated,

> Accordingly, we hold that the *Chapman v. California*, [*supra*,] harmless error rule applies to the admission of psychiatric testimony in violation of the Sixth Amendment right set out in *Estelle v. Smith.*

. . . .

> Applying the *Chapman, supra,* harmless error test, we cannot agree with the Court of Criminal Appeals that the erroneous admission of Dr. Grigson's testimony was harmless beyond a reasonable doubt. The question ... is not whether the legally admitted evidence was sufficient to support the death sentence, which we assume it was, but rather, whether the State has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'

After handing down *Satterwhite II,* the Supreme Court summarily vacated and remanded the instant case with a cursory order that it be further considered in light of *Satterwhite II.*[2] *Powell v. Texas,* —— U.S. ——, 108 S.Ct. 2891, 101 L.Ed.2d 926 (1988). Thus, the Court's remand of the instant case under *Satterwhite II* subjects only our secondary reliance on the harmless error analysis of *Satterwhite I* to renewed review. *See, Whan v. State,* 485 S.W.2d 275, 277 (Tex.Cr.App.1972), cert. denied, 411 U.S. 934, 93 S.Ct. 1906, 36

---

1. Since *Powell, supra,* this Court has reiterated this position. *Barber v. State,* 757 S.W.2d 359, 365–367 (Tex.Cr.App.1988).

2. The Court took the same action with other cases in which review had been granted pending the outcome of *Satterwhite II. Cook v. State,*

—— U.S. ——, 109 S.Ct. 39, 102 L.Ed.2d 19 (1988); *Lankford v. Idaho,* —— U.S. ——, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988); *Bennett v. Texas,* —— U.S. ——, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988).

L.Ed.2d 394 (1973) (reversal and remand as to specific point affects only that point). *Cf., Schwerdtfeger v. State,* 749 S.W.2d 781, 783 (Tex.Cr.App.1988) (Clinton, J., dissenting to refusal of appellant's petition for discretionary review) (reversal and remand on one ground does not limit lower court's authority to address grounds *not previously addressed* ); *Garrett v. State,* 749 S.W.2d 784, 787 (Tex.Cr.App.1986); *Spindler v. State,* 740 S.W.2d 789, 791 (Tex.Cr.App. 1987); *Ware v. State,* 736 S.W.2d 700, 701 (Tex.Cr.App.1987); *Granviel v. State,* 723 S.W.2d 141, 147 (Tex.Cr.App.1986) cert. denied, — U.S. —, 108 S.Ct. 205, 98 L.Ed. 2d 156 (1987) (law of case doctrine).

Because we initially held that there was no error, the harmless error analysis of our original opinion was superfluous to the disposition and constituted nothing more than obiter dictum. However, in this dictum we utilized a harmless error standard which the Supreme Court has now denounced. *Satterwhite II, supra.* Thus, we withdraw that portion of our original opinion which gratuitously applied a harmless error analysis and we further disavow our prior reliance on the now overruled *Satterwhite I.* Our initial determination of no *Smith*

error, as well as the remaining holdings of our original opinion, were not addressed by the Court; thus, they remain undisturbed. Consequently, appellant's conviction stands affirmed.

CLINTON, Judge, dissenting.

This is a capital murder case in which judgment of the trial court assessed the death penalty. That judgment was affirmed by the judgment of this Court pursuant to its opinion in *Powell v. State,* 742 S.W.2d 353 (Tex.Cr.App.1987).

In due course appellant filed his petition for writ of certiorari to review the judgment of this Court, and the Attorney General of the State of Texas responded with his brief in opposition. See Rules of the Supreme Court of the United States, Part V, Rules 17.1(c), 21.1(a), (h) and (j), and 22.1.[1]

On May 31, 1988, the Supreme Court delivered its opinion in *Satterwhite v. Texas,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). Given the single question presented, see *ante* at n. 1, the Supreme Court first decided that "the use of

---

**1.** Appellant presented for review the following germane (paraphrased) questions, *viz:*

    1. Whether a defendant waives the Fifth and Sixth Amendment rights articulated in *Estelle v. Smith* and *Miranda v. Arizona* by introducing psychiatric testimony at the guilt stage of trial on the defensive issue of insanity at the time of the offense.

Petition, at 8.

    2. Whether he was denied effective assistance of counsel, a fair and impartial trial, equal protection and due process of law and the right to be free from cruel and unusual punishment guaranteed by respective constitutional amendments because the trial court allowed expert witnesses of the State to give evidence obtained in violation of the Fifth, Sixth and Fourteenth Amendments. See *Satterwhite v. Texas,* No. 86–6284 [486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284] (cert. granted, June 1, 1987).

Petition, at 8. (That one is practically identical to the sole question presented in *Satterwhite.* See 41 CrL 4062, 4068).

    5. Whether the Court of Criminal Appeals of Texas applied an unconstitutional standard in holding admission of testimony of those expert witnesses was harmless on the basis stated in its opinion in *Powell v. State,* 742 S.W.2d, at 360.

Petition, at 9.

In opposition the Attorney General contended the Supreme Court "suggested" in *Estelle v. Smith* and "held" in *Buchanan v. Kentucky,* 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987) that when defendant presents psychiatric testimony in support of an insanity defense the State may respond with competing testimony from its own expert witness, so that alert counsel "must be presumed to have consulted with Powell on the advisability of submitting to an examination," and would have anticipated that the State could rebut his expert testimony with its own psychiatric evidence. Brief, at 6–9.

As to waiving his Sixth Amendment right, the State conceded that "the record does not reflect an intelligent and understanding waiver of Powell's right to counsel," and instead conjured up that this Court had in mind a "waiver" more "in terms of estoppel or bar to objection due to the introduction of the evidence." Brief, n. 3 at 9.

Finally, the State asserted, "The proper inquiry is not whether the evidence 'might' have affected the jury's verdict, but whether, absent the evidence, the jury would nonetheless have reached the same verdict. *Chapman,* 386 U.S. at 26 [87 S.Ct. at 829]." It said that was the test applied by this Court, and its conclusion was "justified by the facts in this case." Brief, at 13–14.

Dr. Grigson's testimony at the capital sentencing proceeding on the issue of future dangerousness violated the *Sixth Amendment*," *id.,* at ——, 108 S.Ct., at 1797, 100 L.Ed.2d, at 293; then it held that "the *Chapman* harmless error rule applies to the admission of psychiatric testimony in violation of the *Sixth Amendment right* set out in *Estelle v. Smith*," *id.,* at ——, 108 S.Ct., at 1798, 100 L.Ed.2d at 295; finally, it concluded, "Having reviewed the evidence in this case, we find it impossible to say beyond reasonable doubt that Dr. Grigson's expert testimony on the issue of Satterwhite's future dangerousness did not influence the sentencing jury," *id.,* at ——, 108 S.Ct., at 1799, 100 L.Ed.2d at 296.[2]

Considering the question presented to the Supreme Court and its decision, holding and conclusion in *Satterwhite,* see ante, at 761, to say, as the majority now does, that *Satterwhite* "solely concerned harmless error," at 761, is to disregard much in Part II of that opinion finding a violation of the Sixth Amendment right to assistance of counsel.

Thereafter, on June 30, 1988, in —— U.S. ——, 108 S.Ct. 2891, 101 L.Ed.2d 926 *David Lee Powell, Petitioner, v. Texas,* the Supreme Court ordered a summary disposition of this cause under Rule 23.1.[3] First it granted leave to proceed *in forma pauperis* and granted his petition for writ of certiorari; then it entered a separate order stating in pertinent part, *viz:*

> THIS CAUSE having been *submitted on the petition for writ of certiorari and response thereto,*
>
> ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the *judgment* of the above court in this cause is vacated, and that this cause is remanded to the Court of Criminal Appeals of Texas for further consideration in light of *Satterwhite v. Texas,* 486 U.S. —— [108 S.Ct. 1792, 100 L.Ed.2d 284] (1988).

See *Powell v. Texas,* —— U.S. ——, 108 S.Ct. 2891, 101 L.Ed.2d 926 (1988).[4]

The majority characterizes as "cursory" the summary reconsideration order entered by the Supreme Court in this cause. However, more than a superficial examination of the situation will dispel its belief that the remand order "subjects only our secondary reliance on the harmless error analysis of *Satterwhite I* to renewed review." At 761–762.

Formerly its practice of summary disposition on account of one or more recent intervening decisions produced a reversal or affirmance on the merits, but lately the Supreme Court "prefers to delegate the task to the lower courts." R.L. Stern, E. Gressman & S.M. Shapiro, *Supreme Court Practice* (6th Ed.1986) 277–279. Once relatively rare, such summary reconsideration orders have become fairly common. See A. Hellman, *Error Correction, Lawmaking, and the Supreme Court's Exercise of Discretionary Review,* 44 U.Pitt.L.Rev. 795, at 837, n. 239, discussed in *R.L. Stern* et al., supra, at 279, n. 73.[5]

When the Supreme Court enters a summary reconsideration order "the lower court is being told to reconsider *the entire case* in light of the intervening precedent—which may or may not compel a different result." *R.L. Stern* et al., supra, at 280.

---

**2.** All emphasis above and throughout is mine unless otherwise noted.

**3.** "After consideration of the papers distributed pursuant to Rule 22, the Court may enter an appropriate order. The order may be a summary disposition on the merits."

**4.** Above content of the summary reconsideration order is reproduced from a true copy attested by the Clerk of the Supreme Court.

**5.** Close on the heels of *Satterwhite,* June 13, 1988, the Supreme Court vacated respective judgments in two causes and remanded for reconsideration in light of *Satterwhite, viz: Ben-*

*nett v. Texas,* —— U.S. ——, 108 S.Ct. 2815, 100 L.Ed.2d 917, reversing *Bennett v. State,* 742 S.W.2d 664 (Tex.Cr.App.1987), and *Lankford v. Idaho,* —— U.S. ——, 108 S.Ct. 2815, 100 L.Ed.2d 917, reversing *State v. Lankford,* 113 Idaho 688, 747 P.2d 710 (1987). See —— U.S. ——, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988).

On October 3, 1988, in *Cook v. Texas,* —— U.S. ——, 109 S.Ct. 39, 102 L.Ed.2d 19, the Supreme Court similarly remanded for reconsideration of *Cook v. State,* 741 S.W.2d 928 (Tex.Cr.App.1987). —— U.S. ——, 109 S.Ct. 39, 102 L.Ed.2d 19 (1988).

In my view, there is more to reconsider than just "secondary reliance on the harmless error analysis of *Satterwhite I*," at 762.

In the first place, it is most unlikely that the Supreme Court would remand this cause for us to reconsider a superfluous harmless error analysis, albeit it was utterly flawed. Unless the Supreme Court believed "there was error in admitting the testimony of Drs. Coon and Parker," *Powell v. State*, supra, at 359, there is nothing to test for harm.

Secondly, in *Satterwhite v. Texas* the Supreme Court restricted its review to a violation of defendants' "*Sixth Amendment* right to consult with counsel before submitting to psychiatric examinations to designed to determine their future dangerousness." 486 U.S., at —, 108 S.Ct., at 1794, 100 L.Ed.2d, at 290; see *ante* at 761. That was the sole violation found by this Court in *Satterwhite*, 726 S.W.2d, at 92–94.

Similarly, in *Bennett v. Texas*, *ante*, n. 4, at 763, the germane question presented for review is almost identical (even naming the same Dr. Grigson) to that in *Satterwhite v. Texas*, except that it also alludes to the Fifth Amendment; because this Court found error in admitting his testimony under state law, 742 S.W.2d, at 671, the Supreme Court necessarily determined that implications of the Sixth Amendment raised a substantial federal question, else it would not have granted the petition for writ of certiorari.

Likewise in *Cook v. State, ibid.*, the question presented the issue of harmless error in admitting testimony of Dr. Grigson "in violation of petitioner's right to counsel under the Fifth and Sixth Amendments;" from the opinion of this Court that trial counsel specifically objected on "right to counsel" and preserved his Sixth Amendment error is manifest, 741 S.W.2d at 944.[6]

In *Powell v. State*, supra, the majority opinion demonstrates that both the Fifth and Sixth Amendments were violated, *viz:*

> "... The record reflects that at no point in time did Coons or Parker inform appellant or his attorneys that they were asked to or had examined appellant on the issue of future dangerousness. Nor did Coons or Parker give appellant, who was in custody, *Miranda* warnings."

*Id.*, at 357. Thus, but for the theory of waiver indulged by the majority, the trial court plainly committed error of constitutional dimension.

On that matter two points are immediately germane: First, in finding a "waiver" the majority relied primarily on *dicta* in *Battie v. Estelle*, 655 F.2d 692 (CA5 1981), which involves only *the Fifth Amendment* (indeed the Fifth Circuit expressly disclaimed any consideration of *the Sixth Amendment* right to counsel, *id.*, n. 1, at 694); only tangentially did the majority include the Sixth Amendment error, *Powell*, supra, at 359. Second, before the Supreme Court the State gently declined to support that theory of "waiver," specifically advancing its own idea in the premises, *viz:*

> "The state recognizes that, while the court below stated that Powell 'waived' his Sixth Amendment right by introducing psychiatric testimony, the record does not reflect an intelligent and understanding waiver of Powell's right to counsel. *See Barker v. Wingo*, 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed.2d 101] (1972). Rather, the 'waiver' of which the court speaks is in terms of estoppel or a bar to objection to the introduction of the evidence."

Brief, n. 3, at 9. Patently, the Supreme Court was not persuaded that either the "waiver" theory applied by the majority of this Court or the alternative pursued by the State warranted summary affirmance of the judgment of this Court or a denial of certiorari. See Rule 23.1, supra.

---

6. The certiorari papers in *Lankford v. Idaho*, supra, are not readily available, so one cannot know what questions were presented to the Supreme Court that produced that "GVR" order. The opinion of the Idaho Supreme Court in

*State v. Lankford, ante*, n. 4, at 763, 761 P.2d 1169, considered and rejected many asserted errors, and its order on remand for rebriefing does not reveal grounds it will reconsider. See *State v. Lankford*, 114 Idaho 817, 761 P.2d 1169 (1988).

Accordingly, its remand for reconsideration of "the entire case" was on account of *the Sixth Amendment* error confirmed and found to be harmful in *Satterwhite v. Texas.* Contrary to the view of the majority, at 762, "the holdings of our original opinion do *not* "remain undisturbed."

Because the majority refuses to reconsider the Sixth Amendment violation, and thereby invites another petition for writ of certiorari, I respectfully dissent.

TEAGUE, Judge, dissenting.

The Supreme Court of the United States has entered an Order that pertains to this cause, namely, "this cause is remanded to the Court of Criminal Appeals of Texas for further consideration in light of *Satterwhite v. Texas,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988)." What does this Order mean?

It appears to me and Joe Vargo of the Austin American–Statesmen, if no one else, that the Supreme Court's Order must be read literally, and, if read literally, it is obvious to me and Vargo, if no one else, that, as Vargo put it, the Supreme Court of the United States ruled that "In vacating Powell's [the appellant's] sentence, the Supreme Court said the trial court erred during the punishment phase of the trial by allowing testimony from a psychiatrist [sic]."

I find that the Supreme Court of the United States disagrees not only with what this Court stated and held when this cause was previously before this Court regarding the *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), issue, i.e., it disagrees with what this Court's previous majority opinion stated and held regarding the admission of the opinion testimony of Drs. Coons and Parker on the issue of appellant's future dangerousness at the punishment stage of appellant's trial, but also disagrees with this Court's previous majority opinion's holding that any error in admitting such testimony was harmless under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

When this cause was previously before this Court I agreed with what Presiding Judge Onion, now retired, stated in the dissenting opinion that he filed in this cause, but honestly believed that the Supreme Court of the United States, if given the opportunity, would adopt in principle what the majority opinion of this Court by Judge Mc Cormick, now Presiding Judge Mc Cormick, stated and held. Thus, I went out on the limb and made a prediction, which has now been proved wrong, and therefore must acknowledge that I should not ever predict in print what a majority of the present Supreme Court of the United States might state and hold in a given capital murder case.

My oath of office requires that when it comes to decisions of the Supreme Court of the United States, that concern federal constitutional law, I must acknowledge that that Court's decisions are the Supreme Law of the Land. See Article VI, Federal Constitution. Also see *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Of course, if a state court judgment is based upon an independent and adequate state ground, the Supreme Court of the United States has no jurisdiction to decide the case so long as the state court's decision does not fall below the federal ceiling imposed on the States through the Fourteenth Amendment. See *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Also see Collins, Plain Statements: The Supreme Court's New Requirement, 70 *A.B.A.J. 92* (1983).

Therefore, I respectfully dissent to the majority of this Court's refusal to adopt Presiding Judge Onion's well reasoned and well written dissenting opinion on original submission as "The Opinion of the Court of Criminal Appeals on Remand from the Supreme Court of the United States" and also respectfully dissent to this Court's majority opinion's feeble efforts to delay doing what its federal constitutional law duty requires that this Court must do.