William EVANS, Appellant,

v.

STATE of Texas, State.

No. 2–86–046–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 22, 1989.

Zachry, Hill, Beatty & Butcher, and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David L. Richards, Asst., Fort Worth, for the State.

Before WEAVER, C.J., and LATTIMORE and KELTNER, JJ.

## OPINION ON REMAND

LATTIMORE, Justice.

William Evans, appellant, was found guilty by a jury of aggravated robbery with a deadly weapon. TEX. PENAL CODE ANN. § 29.03 (Vernon 1989). The jury sentenced Evans as a prior offender to life imprisonment in the Texas Department of Corrections. *Id.* at § 12.42(c) (Vernon Supp.1989). On direct appeal, this court overruled Evans' contention that TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1989), is unconstitutional, but reversed Evans' conviction after sustaining a point of error in which he complained of a "have you heard" question asked by the State during the punishment phase of the trial. *Evans v. State,* 732 S.W.2d 703 (Tex. App.—Fort Worth 1986). On petition for discretionary review, the Court of Criminal Appeals disapproved the rationale by which we sustained the "have you heard" point of error and vacated the judgment of this court. *Evans v. State,* 757 S.W.2d 759, 760 (Tex.Crim.App.1988). The court remanded the case for consideration whether error contributed to punishment under *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987) (opinion on reh'g).

We reverse and remand.

In *Rose,* the Court of Criminal Appeals reaffirmed its earlier opinion that TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4, is unconstitutional because it violates the separation of powers and due course of law provisions of the Texas Constitution. However, the court reassessed the harm analysis to be used by an appellate court when a charge pursuant to article 37.07 is given. In the original *Rose* opinion, the concurring judges applied the two-tiered test of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984) (opinion on reh'g), in determining whether the error was harmful. On rehearing, a majority of the court held the proper standard of review is contained in TEX.R.APP.P. 81(b)(2), which requires us to reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *See Rose,* 752 S.W.2d at 553. In *Rose,* the court considered three factors relevant to its harmless error analysis: (1) the presumption that the jury followed the trial judge's instruction to disregard parole; (2) the heinous nature of the crime; and (3) the defendant's prior criminal record. *Id.* at 554.

In *Rose,* the trial court read the statutory parole instruction of TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a), but also read an additional instruction directing the jury not to discuss parole among themselves. *Rose,* 752 S.W.2d at 554. In the instant case, the trial court gave the statutory parole instruction, but did not give the jury any additional instruction not to discuss parole. Evans robbed a convenience store. He pointed a gun at a clerk's head, but he did not shoot the clerk when she pushed the alarm button to call the police. Evans had one prior offense; he was convicted of murder in 1973.

The range of punishment for Evans was fifteen years to life. TEX. PENAL CODE ANN. § 12.42(c). The jury selected life. Under the evidence before us we cannot say beyond a reasonable doubt the erroneous instruction on parole did not contribute to the jury's decision to impose the maximum sentence.

Evans' remaining points of error concerning the "have you heard" question by the State are not necessary to our disposition of this appeal. TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed and remanded for disposition consistent with this opinion. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1989); *Ex parte Klasing*, 738 S.W.2d 648, 651 (Tex.Crim.App.1987).

KELTNER, J., dissents.

KELTNER, Justice, dissenting.

I respectfully dissent.

This case has been remanded for our consideration of whether the error in instructing the jury of the law of good conduct time and parole demands reversal. The majority concludes that the error in instructing the jury contributed to the amount of punishment assessed. I disagree.

In doing so, I recognize the task of determining whether the appellant was harmed by the parole instruction is a difficult one, because we are required to use objective facts to determine whether the trial court's instruction on parole subjectively influenced the jury's verdict. Nonetheless, I would hold that, "beyond a reasonable doubt," the instruction did not contribute to appellant's punishment.

The Court of Criminal Appeals requires us to apply TEX.R.APP.P. 81(b)(2) to determine whether the error in giving the unconstitutional instruction requires reversal of the conviction. Rule 81(b)(2) provides if there is an error, we must reverse the judgment unless we determine, beyond a reasonable doubt, that the error did not contribute to the conviction or punishment. Therefore, in order to affirm the judgment, we must determine, beyond a reasonable doubt that the error did not make any contribution to the defendant's punishment.

In making this determination, we would ordinarily be guided by the Court of Criminal Appeals' opinion in *Rose II*. However, there was no clear majority in that opinion, merely a plurality of views. Nonetheless, it is obvious the Court of Criminal Appeals considered a number of factors to be important in the harm analysis. These factors include (1) the sentence imposed compared to the range of punishment; (2) the aggravating or extenuating facts of the case; (3) the defendant's prior criminal record; (4) the court's charge on punishment; and arguably, (5) the final arguments mentioning the effects of good conduct time. *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App. 1987) (opinion on reh'g). Additionally, we must apply a rebuttable presumption that the jury followed any curative instructions given by the trial judge. *Id.* citing *Cobarrubio v. State*, 675 S.W.2d 749, 752 (Tex. Crim.App.1983).

The range of punishment for aggravated robbery, with prior offenses, was fifteen years to life. TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1989). The jury selected life.

However, there were aggravating facts in the commission of the offense. Texas courts have recognized that aggravating facts tend to support a finding of harmless error. *Lancaster v. State*, 754 S.W.2d 493, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Baker v. State*, 752 S.W.2d 237, 239 (Tex.App.—Fort Worth 1988, pet. ref'd).

The evidence established that during the commission of the robbery, appellant held an automatic pistol to the victim's head. The jury was entitled to weigh this aggravating fact in assessing punishment and then we must presume that they did so.

Another factor frequently considered by courts in assessing the harm of the parole and good conduct instruction is the evidence of the defendant's prior criminal record. *Zimmerman v. State*, 754 S.W.2d 402, 405 (Tex.App.—Corpus Christi 1988, pet. ref'd). Testimony established that appellant had been previously convicted of the offense of murder. The jury was entitled to weigh the evidence of this serious crime in assessing its punishment.

In considering whether the error was harmless, we may look at whether the parole and good conduct time instruction were emphasized during the oral argument. *Taylor v. State*, 755 S.W.2d 548, 551 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Lancaster v. State*, 754 S.W.2d 493, 496 (Tex.App.—Corpus Christi, 1988, pet. ref'd); *Baker v. State*, 752 S.W.2d 237, 239 (Tex.App.—Fort Worth 1988, pet. ref'd).

The record indicates neither the prosecution nor the defense mentioned the instruction during the final arguments.

Most importantly, the jury charge contained the following language regarding the parole and good conduct instruction:

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

In *Rose II* the Court of Criminal Appeals held there is a rebuttable presumption that the jury followed any instruction not to consider the application of parole and good conduct time in arriving at the defendant's sentence. *Rose v. State*, 752 S.W.2d at 554. There is no evidence the jury considered the effect of parole or good conduct time. Additionally, I do not believe any of the other factors rebut this presumption.

As a result, I would affirm the trial court's conviction.