IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-7,407-03






EX PARTE DAVID LEE POWELL








ON SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 911524 IN THE 167TH DISTRICT COURT

TRAVIS COUNTY





 Per Curiam. Womack and Johnson, JJ., not participating. 

 

O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 Applicant was originally convicted of the offense of capital murder in September
1978. The jury answered the special issues submitted under Article 37.071 of the Texas
Code of Criminal Procedure, and the trial court, accordingly, set punishment at death. This
Court affirmed Applicant's conviction and sentence on direct appeal. Powell v. State, 742
S.W.2d 353 (Tex. Crim. App. 1987). The United States Supreme Court vacated and
remanded, Powell v. Texas, 487 U.S. 1230 (1988), and this Court affirmed the conviction and
sentence on remand, Powell v. State, 767 S.W.2d 759 (Tex. Crim. App. 1989). The Supreme
Court thereafter reversed Applicant's conviction. Powell v. Texas, 492 U.S. 680 (1989). 
Applicant was convicted and sentenced to death for the second time in November 1991. On
direct appeal, this Court affirmed the conviction, but vacated the death sentence and
remanded for a new punishment trial. Powell v. State, 897 S.W.2d 307 (Tex. Crim. App.
1994), cert. denied, 516 U.S. 808 (1995), overruled, Prystash v. State, 3 S.W.3d 522 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000). Pursuant to the jury's answers to the
special issues submitted to it in Applicant's third punishment trial, the trial court sentenced
Applicant to death in March 1999. This Court affirmed Applicant's sentence on direct
appeal. Powell v. State, No. 71,399 (Tex. Crim. App. Jan. 16, 2002), cert. denied, 537 U.S.
1015 (2002). This Court denied Applicant's initial post-conviction application for writ of
habeas corpus. Ex parte Young, No. WR-7,407-02 (Tex. Crim App. Sept. 25, 2002)(not
designated for publication). (1) Applicant's instant post-conviction application for writ of
habeas corpus was received in this Court on July 9, 2009.

 Applicant presents one allegation. Applicant's claim fails to meet the dictates of
Article 11.071,§5. Accordingly, we dismiss his application. 

 IT IS SO ORDERED THIS THE 30th DAY OF SEPTEMBER, 2009.


Do Not Publish 
1. Applicant's -01 writ concerned his original conviction which was later reversed.